## DICKINSON AND WINN *vs.* ANY.

1. The assignee of a title bond, who is notified at the time the transfer is made that one of the tracts of land embraced in the bond has been previously sold to another, and who afterwards takes to himself a conveyance for the entire tract, will be held in equity a trustee of the legal title for the benefit of the prior purchaser.

APPEAL from the Chancery Court of Jefferson.
Heard before the Hon. JAMES B. CLARK.

COOK & VANHOOSE, for the appellants.
WM. S. EARNEST, *contra.*

LIGON, J.—The complainant in the court below, George Any, filed his bill against the appellants and one Hocut. The bill charges, that the appellee purchased of Hocut a tract of land, which is particularly described, and received from him

a bond for title when the purchase money should be paid; that at the time of the sale to him, Hocut did not have the legal title to the land sold, but held the title bond of one Trawick, for this and two other tracts of forty acres each, on which partial payment had been made. This bond was transferred by Hocut to Dickinson and Winn, to whom he was indebted; but at the time of said transfer, Hocut notified them, that the tract of land specified in the bill belonged to the complainant, and that he assigned the bond of Trawick to them only as to the two other tracts. It is averred that they received the assignment with this notice, and with the distinct understanding that it conveyed to them only Hocut's interest in the two tracts to which the complainant had no claim. The bill further avers, that Trawick has made a fee simple title to Dickinson and Winn for all the lands described in the bond, including that bought by the complainant, and that complainant has paid to Hocut the full amount of the purchase money; that he has requested the defendants Dickinson and Winn to convey to him according to the terms of the condition of Hocut's bond, but they refuse to do so.

There was a demurrer to the bill, which was overruled; and on the whole case a decree was made in favor of the complainant. The rulings of the chancellor on the demurrer, and in the final decree, are here assigned for error.

The bill makes out a clear case for relief, and there is no ground whatever for the demurrer. Dickinson and Winn are the trustees of the legal title to the land in controversy, for the benefit of Any, who has a perfect equity of which they had notice when they took the assignment of the title bond from Hocut, and the conveyance from Trawick. The *naked* legal title is in them, but they have no right to withhold it from him who has the perfect equity, and whose equity was fully known to them before they accepted that title. They are his trustees, and must be made to convey to him, when they refuse to do so on request.

The proof fully sustains the allegations of the bill, and it only remains to add that the decree of the chancellor is in all things affirmed, at the cost of Dickinson and Winn.