# Ross *v.* Parks.

*Bill in Equity in nature of Specific Performance, and for Injunction of Action at Law, Cancellation of Deed, &c.*

1. *Contract for sale of option on land; validity; specific performance.* A writing signed by the owner of a tract of land, promising to sell and convey to another on payment of a specified sum by a named day, and reciting the payment of a nominal sum as its consideration, is a valid contract, though not signed by the other party; and a court of equity will enforce it, at his instance, not only against the owner of the land, but also against a subsequent purchaser from him with notice; nor is it necessary to the maintenance of such bill that the complainant should be in possession of the land.

APPEAL from the Chancery Court of Jackson.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 29th January, 1889, by R. Scott Parks, against Robert C. Ross and John T. McClendon, and prayed relief as follows: (1) an injunction of an action at law, which the defendants had brought against the complainant, to recover the possession of a small tract or parcel of land, claimed by each of them under a purchase from J. L. French; (2) the cancellation of the conveyance under which the defendants claimed the land; (3) a conveyance of the legal title, under the order of the court, in the nature of specific performance of the contract for the sale of the land by said French to the complainant; and (4) other relief under the general prayer.

The complainant's rights to the property, asserted by the bill, were founded on an instrument of writing signed by said

French and wife, dated December 15th, 1887, and in these words: "Know all men," &c., "that we, J. L. French and Martha French, have sold to R. Scott Parks all the coal, iron, stone, salines and minerals of every description, in and upon the following described lands, to-wit: all the Authur Burnes reservation south of Sauta creek in Jackson county, Alabama, known as the 'French Place;' also, two acres of land containing the mouth or entrance of said cave on or in said land; the entire tract containing 140 acres, more or less, and situated in Jackson county, Alabama; the consideration for said land and mineral interests being $200, to be paid on or before the 15th December, 1888. And should the purchase-money be paid on or before the date above named, we agree and hereby obligate ourselves to convey a good *warrantee* title to all said minerals and said two acres of land, together with the right to enter upon said lands with teams, hands, wagons, railroad, and all needful machinery, with the right to occupy said lands as far as may be necessary for the purpose of mining, transporting or manufacturing said minerals for market; but the surface of the land, for agricultural purposes, is reserved to the *grantee*, except the aforesaid two acres, which we hereby agree to sell in fee simple. We acknowledge the receipt of 50 cents on this contract, as an advance payment thereon; and should the balance herein agreed to be paid not be paid at the [time] agreed on, we hereby agree to accept said advance payment as a consideration for the cancellation and annulment of this contract, and said contract shall be so treated and held for naught. In witness," &c.

This instrument was duly acknowledged by said French and his wife on the day of its date, and was filed for record on the same day; and French and his wife moved to Texas on the next day, or soon afterwards. On the 21st November, 1887, they sold and conveyed the property, on the recited consideration of $300, to the defendants, Ross and McClendon, who had sent an agent to Texas to effect the purchase for them; and on the next day, the complainant having paid the $200 purchase-money, as stipulated in the written instrument above set out, French and wife executed a conveyance of the property to him. The bill alleged that the defendants had notice, actual and constructive, when they obtained their conveyance, of the written instrument under which complainant claimed. The chancellor overruled a demurrer to the bill for want of equity, and, on final hearing on pleadings and proof, rendered a decree for the complainant; and these decrees are here assigned as error.

J. E. BROWN, and WATTS & SON, for appellants, cited *Moon v. Crowder*, 72 Ala. 89; *Derrick v. Monette*, 73 Ala. 75; *Hanna v. Turnley*, 67 Al. 101; *Wray v. Taylor*, 56 Ala. 188.

D. D. SHELBY, and L. W. DAY, *contra*, cited Pomeroy Spec. Performance of Contracts, §§ 169, 464–5; *Dickinson v. Any*, 25 Ala. 424; *Cherry v. Smith*, 39 Amer. Dec. 150; *Wilks v. Railway Co.*, 69 Ala. 180; *Johnson v. Trippe*, 33 Fed. Rep. 530; *Maull v. Vaughan*, 45 Ala. 134; 2 Hill, N. Y. 606; *Gray v. Jones*, 14 Fed. Rep. 83; *Shipman v. Furniss*, 67 Ala. 555.

COLEMAN, J.—A general rule governing cases for specific performance is, that the contract must be mutual, and that either party is entitled to the equitable remedy of a specific performance. Exceptions to this general rule are well established, and one class of contracts to which the exceptions may be applied are those which are unilateral in form.—1 Pomeroy on Contr., §§ 167, 168.

The exception as to unilateral contracts has been fully recognized and adopted in this State. The case of *Moses v. McClain*, 82 Ala. 370, was for a specific performance of the following contract: "For and in consideration of the sum of one dollar in hand paid, I hereby give A. J. Moses an option on my lands and improvements situated near Sheffield, and known as my home place, containing one hundred and twenty acres, more or less, for the sum of eight thousand dollars. . . . This option good for 2 days;" signed "J. W. McCLAIN." It was contended that as Moses, the covenantee, bound himself by no writing, and not having bound himself, he could not in this proceeding hold McClain bound; that the contract not being mutually binding, chancery will not compel its specific performance. The court declared as follows: "Mutuality is frequently said to be one of the conditions of a rightful suit for specific performance. The authorities, however, do not carry it to the length contended for. Where the contract is fair, just and reasonable in all its parts, and the party sought to be charged has so bound himself as to meet the requirements of the statute of frauds, the election of the other contracting party to treat the contract as binding, and to enforce it, meets all the requirements of the rule;" citing 79 Ala. 180; 3 Pom. Eq. § 1405, and notes; Wait Spec. Perf. § 201; *Cherry v. Smith*, 39 Amer. Dec. 150.

The case of *Johnson v. Trippe*, 33 Fed. Rep. 530, is an authority directly on the point in question—the contract being almost identical in its provisions. The different authorities

[Ross v. Parks.]

are very generally quoted and commented on in this case, and the conclusion the same as held by this court.

The evidence fails to show that there was such forcible entry and unlawful detainer as to deprive complainant of his right to file a bill to remove a cloud from title, but the equity of the bill does not depend upon that principle. The complainants, holding the equitable title, bring their bill to compel a conveyance of the legal title by those who hold it in trust for them. In such a case, the jurisdiction in no wise depends upon possession.— *Gray v. Jones*, 14 Fed. Rep. 83 ; *Shipman v. Furniss*, 69 Ala. 562.

The doctrine is well settled, that when the vendor, after entering into a contract of sale, conveys the land to a third person, who has knowledge or notice of the prior agreement, such grantee takes the land impressed with the trust in favor of the original vendee, and holds it as trustee for such vendee, and can be compelled at the suit of the vendee to specifically perform the agreement by conveying the land, in the same manner and to the same extent as the vendor would have been liable to do, had he not transferred the legal title.—1 Pom. on Contr. § 465, and note. The same rule is declared in *Dickinson v. Any*, 25 Ala. 424 ; *Meyer v. Mitchell*, 75 Ala. 475.

It may be stated as a sound principle of law, if an owner of land in writing gives another an option on it for a valuable consideration, whether adequate or not, agreeing to sell it to him at a fixed price, if accepted within a specified time, it is binding upon the owner, and upon those who purchase from the owner with a knowledge of such agreement.—*Moses v. McClain*, 82 Ala. 370 ; 33 Fed. Rep., *supra; Maull v. Vaughan*, 45 Ala. 134, and authorities.

Under such circumstances, the fixed time is a material part of the contract, and when supported by a valuable consideration, the owner of the land can not revoke the offer before the time has expired within which the offer may be accepted. We do not declare that, if no specified, definite time was fixed by the parties, and the contract of offer was not supported by a valuable consideration, such an offer could not be revoked. We express no opinion upon this question.—*Johnson v. Trippe*, 33 Fed. Rep., *supra; Wilks v. Ga. Pac. Railway Co.*, 79 Ala. 185 ; *Fale v. Caldwell*, 9 Port. 617 ; *Cherry v. Smith*, 3 Humph. 19 ; 1 Story on Con. § 496 ; 1 Parsons on Contr. § 481, bottom page 511 ; Bishop on Contr. § 325 ; Benj. Sales, § 42.

We find no error in the decree of the chancellor, and it is affirmed.