# McCarty v. Roswald & Co.

*Action on the Case, to recover Damages for Removing Property on which there was a Lien.*

1. *Action on the case; depriving landlord of enforcing his lien.*—In order to maintain an action on the case against one, who with notice of a landlord's lien, obtains from the tenant by purchase or otherwise property subject to such lien, it must be shown that the defendant has done some act by which the lien is destroyed, or is rendered incapable of enforcement on the property or its proceeds.

2. *Same; same; when general affirmative charge erroneous.*—Where in an action on the case to recover damages for depriving the landlord of the opportunity of enforcing his lien upon cotton raised on the rented premises, there is direct conflict in the evidence as to whether the defendant purchased the cotton with the plaintiff's consent, agreeing to pay the latter his rent, it is error to give the general affirmative charge in favor of either party.

3. *Ratification; when failure to reply to letter or repudiate disposition of property is no ratification.*—Where, after the appropriation of property on which a landlord had a lien for rent, the persons appropriating it write a letter to the landlord in which they offer to pay him for the property so appropriated, the landlord's failure to reply to such letter and to repudiate their action is not a ratification of their appropriation of said property.

APPEAL from the City Court of Montgomery.

Tried before the Hon. THOMAS M. ARRINGTON.

This was an action on the case, brought by the appel-

lant against the appellees. The facts of the case are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the court at the request of the defendants gave the general affirmative charge in their favor, to the giving of which the plaintiff duly excepted. Upon judgment being rendered for the defendants, the plaintiff appeals, and assigns as error the giving of the general affirmative charge in behalf of the defendant.

C. P. DeYampert, for appellant.

John G. Winter, *contra.*—For two reasons the affirmative charge given in this case was not error. First, because there was a waiver of the lien ; and 2d, because McCarty, by failing to object within a reasonable time to the delivery and sale of the cotton by Roswald, ratified and confirmed the action of his tenants, and acquiesced in the sale. As to the first proposition it is not contended that the mere consent of the landlord to the removal, without more, will operate as a waiver of the lien. *Tuttle v. Walker*, 69 Ala. 172 ; *Coleman v. Siler*, 74 Ala. 440. A consent to the sale of the cotton given by the landlord to the tenant operates as a waiver of the lien, and hence defeats this action, although the landlord may, nevertheless, under some facts, sue in assumpsit for the proceeds.—*Ehrman v. Oats*, 101 Ala. 604.

HARALSON, J.—The complaint, being in case, after stating facts to show that plaintiff had a landlord's lien on the two bales of cotton, the subject of this suit, alleged that "defendants having notice of said lien, obtained and received the said cotton, without the consent of the plaintiff, and removed and converted the same, so that plaintiff can not enforce his lien thereon."

We have but recently reiterated, what had been previously decided, that any person who knowingly, by purchase or otherwise, deprives the landlord of the opportunity of enforcing his lien on a crop, is guilty of a tort, and is liable to an action on the case.—*Ehrman v. Oats*, 101 Ala. 604 ; *Shepherd v. Taylor, ante*, p. 507. But unless it appears, as was held in that case, that the defendant has done some act by which the lien is destroyed, or rendered incapable of enforcement on the

[McCarty v. Roswald & Co.]

property or its proceeds, an action of case will not lie.

The evidence in this case on the part of the plaintiff tends to show that one of the defendants visited plaintiff in November, 1893, at his home, where he had been long confined by sickness, and endeavored to get him to allow defendants to take this cotton, and appropriate it to their uses, on the promise, that they would pay him his rent when they made some collections, which he declined to do, and that he did not in any manner waive his lien or consent for them to have the cotton; that plaintiff had allowed his tenants to carry the two bales of cotton to Montgomery to sell, and when sold, for the proceeds to be placed to his credit on account of rent, with his bankers, but consented for the tenants to hold on to the cotton before making sale of it, to await better prices. It further tends to show, that defendants, after plaintiff had refused to let them have the cotton, and with full knowledge of plaintiff's lien on it for rent, persuaded these tenants to allow them to take and hold the warehouse receipts for the cotton, on a promise to hold it till they, the tenants, were ready to sell it, at which time they, defendants, would pay them a quarter of a cent per pound more for it than the market price at the time, and by such device obtained possession of the receipts and cotton and sold it and appropriated the proceeds; and when afterwards applied to by the tenants to sell the cotton according to guarantee, they informed the tenants that they had sold it, but said they would pay the plaintiff his rent. If this evidence is to be believed, the plaintiff, certainly, made out the averments of his complaint. On the other side, the defendants' evidence tended to show, that plaintiff consented for them to take and appropriate the cotton, on their promise to pay him the amount due to him by his said tenants for rent, and that he never made known to the defendants his dissent to their appropriation of the cotton, until several months afterwards—in January, 1894. If this evidence be true, the plaintiff could not maintain case against the defendants for having wrongfully deprived him of his lien on the cotton, but his remedy would be, rather, an action of assumpsit against them for the value of the cotton, or so much thereof as would cover his rent. A case was presented, therefore, on which plaintiff's right of recovery depended, of very

great conflict in the evidence, which should not have been taken from the jury by the court, in giving the general charge for the defendants.

It is contended, that plaintiff's failure to reply to defendants' letter of the 11th November, 1893, in which they proposed to pay him for the cotton they had appropriated, and his failure to repudiate their action, was a ratification of their disposition of the cotton ; but we fail to see that he was under such obligations to defendants as to make it imperative on him to make so prompt a reply—if any at all—to their letter as they claim he should have done, or else be foreclosed the remedy he asserts in this suit.

Reversed and remanded.