# Horton *v.* Hill, Admr.

*Bill in Equity for Final Settlement of Administration.*

1. *Right of administrator to have certain debts paid him out of share of distributee; depends upon contract between parties.* The right of an administrator to have certain debts due him as an individual, paid out of the distributee's share of the proceeds of land sold by him under order of court, where the order for the sale was obtained long after the debts sought to be charged against the distributee were contracted, depends upon the contract between the administrator as an individual and the distributee.

2. *Right of wife to contract prior to February 17, 1898.*—A contract made by a married woman at any time from 1889 to February 17, 1898, (when the present Code went into effect), without the assent or concurrence of her husband thereto expressed in writing, is invalid and unenforceable, either by a court of law or a court of equity.

3. *Same; when subsequent agreement to pay invalid debt void.*—A contract made by a married woman in such a way as to be binding upon her under the statute, which is founded upon a contract previously made by her, and which involves an agreement to carry out such void contract, is itself without consideration, and unenforceable.

4. *Husband and wife; when contract is to become surety for her husband.*—The acknowledgment of liability by a wife and her agreement to pay for certain articles which were furnished to her husband, and that they should be paid for out of her distributive share of a decedent's estate, is, in legal effect, an undertaking by her to become surety for her husband, and is, therefore, under the statute, (Code, § 2529), void.

[Horton v. Hill, Admr.]

APPEAL from the Chancery Court of Pickens.

Tried before the Hon. THOS. H. SMITH.

The bill in this case was filed by the appellee, Samuel H. Hill, as administrator of the estate of W. C. Stewart, against the appellant, Anna S. Horton and the other heirs of the estate of said Stewart. The facts of the case as averred in the bill and shown by the evidence, are substantially as follows: W. C. Stewart died intestate on the 29th day of February, 1888, leaving a widow, Elizabeth Stewart, and the following four children: Anna, who afterwards married G. A. Horton, who is the appellant in this case; Josephine, who afterwards married one Williams; Lucy, who married the complainant and who died before the settlement of the estate, leaving children; and Mollie, who married one Kilpatrick, and who died, leaving children.

The widow of W. C. Stewart, Elizabeth, died intestate on October 6, 1899, leaving the above named parties and other children as heirs at law. Soon after the death of W. C. Stewart, the complainant in the present bill, Dr. S. H. Hill, at the request of all the heirs who were then adults, undertook to act as agent and trustee for the settlement of the affairs of the estate, without taking out letters of administration. The agreement for Hill to act as such agent and trustee was verbal, in which all the heirs and the widow of said W. C. Stewart joined. Thereupon said S. H. Hill entered upon the execution of the trust, took charge of the property, collected the debts due to the estate, paid the debts due by the estate, and proceeded to dispose of the personal property on hand, and to do other things necessary to the material interest of the estate. In March, 1889, he made a partial settlement of his agency and trusteeship, which was ratified and confirmed in writing by all of the heirs of said estate. After this partial distribution or settlement, he continued to act as trustee or agent at the request of the heirs. From time to time he advanced goods, money, wares and merchandise to the different heirs, keeping a separate account with each, until two of the daughters of W. C. Stewart died, leaving minor children,

and it then became necessary to sell the lands of said estate. In 1895, Hill, upon his application, was appointed administrator of the estate, and after such appointment he obtained an order from the Probate Court for the sale of the land. During the period from the time he took charge of the estate up to the time of the sale of the land, he had made advances in money, goods and merchandise to Mrs. Horton. In accordance with the order of sale granted by the Probate Court, the said Hill, as administrator, sold the land belonging to the estate, and after such sale proceeded to make final settlement in the probate court. Objections and exceptions were made to certain credits claimed by him. Thereupon the said S. H. Hill filed the present bill in the chancery court, praying for a settlement of his trusteeship, to have the administration of the estate removed from the probate into the chancery court; that the administration be settled, and that he be allowed a credit against any money in his hands belonging to the said Anna S. Horton or the other heirs of the estate, for such money, goods, wares and merchandise as he complainant had furnished to them. The other facts of the case necessary to an understanding of the decision on the present appeal, are sufficiently stated in the opinion.

On the submission of the cause, upon the pleadings and proof, the chancellor decreed that the complainant was entitled to the relief prayed for, and ordered a reference before the register for the purpose of stating an account. This reference was held, and to the account as stated by the register, there were many exceptions filed by Anna S. Horton. Upon the hearing of these exceptions the chancellor overruled them, and confirmed th register's report. The respondents prosecute the present appeal, and assign as error the rendition of the decrees by the chancellor.

DeGraffenried & Evins, for appellant.—The items of all the accounts with which Mrs. Horton is sought to be charged were necessities and as such used in the family of G. A. Horton for the benefit of himself, his

wife and his children. These accounts became as matter of law, and notwithstanding by whom they were bought or to whom charged, the debts of Mr. Horton and he alone was chargeable with them and liable for them.— 15 A. & E. Ency. of Law (2d ed.), 872, 875, and 876; *Gayle v. Marshall*, 70 Ala. 528; *Hughes v. Chadwick*, 6 Ala. 651; *Ziegler v. David*, 23 Ala. 127; *Pearson v. Darrington*, 32 Ala. 227; *Darden v. McWilliams*, 31 Ala. 438; *Eskridge v. Ditmars*, 51 Ala. 245; *Rooney v. Michael & Lyons*, 84 Ala. 589.

The accounts presented by the complainant against Mrs. Horton imposed no liability. Mrs. Horton was a married woman and every transaction relating to the creation of these accounts was verbal; and her husband had never given his written assent to the making of such contract.—*Rooney v. Michael*, 84 Ala. 589; *Strauss v. Schwab*, 104 Ala. 671.

Mrs. Horton's subsequent acknowledgment of liability and agreement to pay for the items furnished, was without consideration, and was, therefore, unenforceable.—*Thompson v. Hudgins*, 116 Ala. 92; 6 Amer. & Eng. Ency. of Law (2d ed.), 691; *Waters v. Bean*, 15 Ga. 358; *Watkins v. Halstead*, 2 Sand. (N. Y.); *Littlefield v. Shee*, 2 B. & Ad. 811.

WILLETT & WILLETT, *contra.*—No briefs came to the hands of the Reporter.

TYSON, J.—The matter of controversy in this cause involves the right of the complainant as administrator to have certain debts which he claims to be due to him as an individual paid out of the appellant's share of the proceeds of the real estate sold by him, for partition in his representative capacity under an order of the probate court. The order for the sale of the lands was obtained long after the debts sought to be charged against the appellant were contracted. In other words, at the time they are asserted to have been made, the money, arising from the sale of the real estate, was not in the hands of the complainant as administrator or

[Horton v. Hill, Admr.]

otherwise. His right, therefore, to have them paid out of this fund must necessarily depend upon a contract between the complainant and the appellant. It is, therefore, unlike a case where an administrator having funds belonging to an estate distributes a portion of them to a distributee entitled thereto without an order of the court. In that case the administrator has simply parted with money which belonged to the distributee and, of course, upon final settlement would be entitled to a credit for it. And his right to the credit in no wise depends upon a contract, involving a promise to him as an individual on the part of the distributee, that he shall be re-imbursed out of the future funds that may come into his hands.

Here, the complainant, as an individual, extended certain credits to the appellant upon the faith, we may assume, that at some future day, he would be paid out of her interest in her father's estate. And it may be that Mrs. Horton, the appellant, at the time the debts were created, made an express promise that they should be so paid. But whether she did or did not, complainant's right to be paid must, as we have said, depend upon her contractual liability to him for the debts he now seeks to enforce against her property. These debts are evidenced by open accounts which he claims were made with him as an individual for money loaned, and goods, wares and merchandise sold by him to her. They extended over a period of ten years, beginning with the year 1889 and ending with the year 1898. During this entire period except from January, 1889, to May 1st of that year, appellant was a married woman and, therefore, under the disability of coverture. From the date of her marriage to the date of the adoption of the present Code, February 17, 1898, she was without power to make any contract that would bind her separate estate without the assent or concurrence of her husband expressed in writing. It is affirmatively shown by the record that no assent of her husband in writing was ever given that she might contract these debts, nor did he ever express in writing and file in the office of the Judge of Probate his consent to her engaging in

business. Any contract she may have made, within this period, either express or implied, to pay these accounts is invalid, and unenforceable either in a court of law or equity.—Sections 2341, 2345 and 2350 of Code of 1886; *Strauss v. Glass,* 108 Ala. 546. And her subsequent acknowledgment of her liability in writing made on the 5th day of January, 1899, and her agreement embodied in the same instrument that they should be valid offsets against her interest in the estate, although signed by her and her husband, shown to have been made without any new consideration, is without any legal efficacy t· bind her in so far as the accounts are concerned made between the date of her marriage and February 17, 1898. *Thompson v. Hudgins,* 116 Ala. 93.

Among the accounts which Mrs. Horton acknowledges her liability for, a number were held by complainant against her husband for articles, etc., obtained by him. However, it only becomes necessary to deal with the account which the complainant exhibited to her against her husband for articles obtained during the year 1898, after the 17th day of February of that year, since what we have said above disposes of all others. As to this account, we find, as a fact, that it was her husband's and not hers. Her acknowledgment of liability for it and her agreement that it should be a set off against her lands or the proceeds that might subsequently arise out of a sale of them, is, nothing more nor less, in legal effect, than an undertaking by her to become a surety for her husband, and therefore, void.—Section 2529 of the Code, 1896.

This disposes of all the matters involved in the accounts attempted to be enforced by complainant except those items obtained by her during the year 1889, prior to the date of her marriage, aggregating the sum of $93.71, and the items on the account against her for the year 1898, amounting to $5.84. Her agreement, above referred to, bound her so far as these items were concerned, and as to them we do not doubt the power of a court of equity to enforce it, the statute of limitations not being pleaded as a bar to the items first above mentioned.

She should, therefore, be charged with these two items, with the interest thereon.

The register in stating the account ascertained Mrs. Horton's share in the estate to be $2,019.94, and charged her with the full amount of the accounts claimed by complainant against her and her husband, aggregating the sum of $2,110.58, bringing her out in debt to the complainant in the sum of $90.64. To his report, Mrs. Horton reserved exceptions, raising the points we have discussed, which the chancellor overruled. Eliminating improper charges allowed against her in the making up of the account, instead of there being a balance in favor of complainant, the balance should have been in her favor in the sum of $1,820.11.

The case of *Hollingsworth v. Hill,* 116 Ala. 184, relied upon by both the register and chancellor as controlling and decisive of the question here presented, is wholly inapplicable. The decree below will be reversed in so far as this appellant is concerned, and one will be here entered in her favor against the complainant as administrator in the sum of $1,820.11, with interest thereon from the 28th day of July, 1902, the date of the chancellor's decree confirming the rigester's report.

The exceptions to the register's report do not sufficiently raise the question of the correctness of the credits allowed to complainant as administrator out of the distributive share of Mrs. Stewart, wife of the intestate. We must, therefore, decline to pass upon them. *Campbell v. Claflin,* 135 Ala. 527.

Reversed and rendered.