(81 South. 193)

BANK OF MOBILE, N. B. A., v. SMITH.
(1 Div. 287.)

(Court of Appeals of Alabama. Jan. 14, 1919.)

1. HUSBAND AND WIFE ☞171(1)—DISABILITY—SURETYSHIP—PLEDGE OF WIFE'S PROPERTY.

Wife was without power to pledge her diamond brooch as security for her husband's debt. Code 1907, § 4497.

2. HUSBAND AND WIFE ☞171(1)—DISABILITY — SURETYSHIP — PLEDGE OF PERSONAL PROPERTY.

By Code 1907, § 4498, the statute which denies to a married woman the power to pledge her real estate for the husband's debt operates with like force as to her personalty.

3. HUSBAND AND WIFE ☞171(12)—DISABILITY—SURETYSHIP—ESTOPPEL.

A wife, prohibited by Code 1907, §§ 4497, 4498, from pledging her personal property for her husband's debts, could not, by an attempt to do so, estop herself to deny want of power.

4. HUSBAND AND WIFE ☞171(1)—DISABILITY—SURETYSHIP—PLEDGE OF WIFE'S PROPERTY—RATIFICATION.

The wife, being without power to pledge her personal property for her husband's debts under Code 1907, §§ 4497, 4498, is likewise without power to ratify such a pledge, even for a consideration.

5. APPEAL AND ERROR ☞1033(5) — HARMLESS ERROR—CONSTRUCTION.

In an action to recover property pledged by wife for husband's debt, erroneous instruction that a consideration was necessary to the wife's ratification was too favorable to defendant appellant, and the error was harmless.

6. HUSBAND AND WIFE ☞171(12)—SURETYSHIP—ESTOPPEL IN PAIS.

The doctrine of estoppel in pais is applicable to a married woman who fraudulently allows her husband to deal with her property as his own, but positive conduct, declarations calculated to deceive, or culpable silence when an honest person should speak are essential, and mere silence after conversion by the husband in pledging her personalty for his debt, without knowledge of the husband's purpose to secure additional loans, will not suffice.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Action by Anna C. Smith against the Bank of Mobile, N. B. A. Judgment for plaintiff, and defendant appeals. Affirmed.

Inge & Kilborn, of Mobile, for appellant. Webb, McAlpine & Grove, of Mobile, for appellee.

BROWN, P. J. [1] The debt due the bank for which the diamond brooch was pledged is shown without dispute to be the debt of Capt. Smith, the husband of the plaintiff, and if the brooch was the property of the plaintiff, as the evidence tends to show, and as the jury found, under our statute she was without power to pledge it as a security for the husband's debt. Code 1907, § 4497; People's Bank of Greensboro v. Steinhart, 186 Ala. 205, 65 South. 60; Vinegar Bend Lumber Co. v. Leftwich, 197 Ala. 352, 72 South. 538; Elkins v. Bank of Henry, 180 Ala. 18, 60 South. 96; Hanchey v. Powell, 171 Ala. 597, 55 South. 97.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

16 ALA.APP.—43

[2] The statute which denies to a married woman the power to pledge her real estate for the husband's debt operates with like force as to her personalty. Code 1907, § 4498.

[3] "The statute is founded upon. public policy which is to protect the wife's estate as against the influence of her husband or other person, or her own inclination in respect to subjecting it to her husband's debts. Being by the law prohibited to so contract, appellee could not, by attempting to do so, estop herself to deny her want of power." Richardson v. Stephens, 122 Ala. 301, 25 South. 39.

. [4] The wife, being without power to make the pledge, is likewise without power to ratify it, even for a consideration. Evans et al. v. Faircloth-Byrd Merc. Co., 165 Ala. 176, 51 South. 785, 21 Ann. Cas. 1164.

[5] The special charge which constitutes the basis for the only assignment of error on the record, instructing the jury that a consideration was necessary to a ratification by the plaintiff, was more favorable to the defendant than the law justified; and, while it was not a correct statement of the law as applied to this case, the appellant cannot complain.

[6] We do not wish to be understood as holding that the doctrine of estoppel in pais is not applicable to a married woman who fraudulently allows her husband to deal with her property as his own, but it is essential to such estoppel that there be positive conduct or declarations calculated to deceive, or culpable silence under circumstances impelling an honest person to speak. Ivy v. Hood (Sup.) 79 South. 587.

Mere silence on the part of the plaintiff after the conversion, without knowledge that it was the purpose of the husband to secure further or additional loans, will not suffice. Kelly v. Cook, 15 Ala. App. 350, 73 South. 220; McCarty v. Roswald & Co., 105 Ala. 511, 17 South. 120.

We find no reversible error in the record. Affirmed.