(103 So. 477)

**HUNTSVILLE BANK & TRUST CO. v. THOMPSON. (8 Div. 666.)**

(Supreme Court of Alabama. March 19, 1925.)

**I. Husband and wife ☞87(3)—Statutory inhibition against wife's suretyship for husband's debt not avoided by wife's promise to pay husband's debt in consideration of cancellation of her own debt.**

That wife promised to pay husband's individual debt in consideration of cancellation pro tanto of her own debt to him or another could not avoid inhibition of Code 1923, § 8272.

**2. Constitutional law ☞206(1), 211, 253—Husband and wife ☞57—Act forbidding contract of suretyship by wife for husband not contrary to Fourteenth Amendment.**

Code 1923, § 8272, forbidding contract of suretyship by wife for her husband, does not create, but merely preserves, her original common-law disability, and does not violate Fourteenth Amendment, which was not intended to abrogate common law, nor create new rights of person or property.

Appeal from Circuit Court, Madison County; James E. Horton, Jr., Judge.

Action by the Huntsville Bank & Trust Company against Bettie Thompson. Judgment for defendant, and plaintiff appeals. Affirmed.

The appellant sued the appellee, Mrs. Bettie Thompson, to recover $1,900 due by promissory note executed by her and W. I. Thompson (who is not sued). The defendant pleaded that there was no consideration for the note, and also that she executed the note as security for the debt of her husband, William I. Thompson. Plaintiff demurred to the latter plea, on the ground that the statute forbidding the wife to become surety for her husband's debt is invalid, and that it is in violation of the Fourteenth Amendment to the federal Constitution.

This demurrer being overruled, plaintiff replied specially, in avoidance of the statutory defense, that (2) the defendant was largely indebted to W. I. Thompson, her husband, and under an agreement between them defendant executed the note in satisfaction of said indebtedness; and (3) the said defendant, at the time of the execution of said note, was indebted to the firm of Thompson, Lackey & Co., who were indebted to the plaintiff in a sum in excess of said note, and, under an agreement between plaintiff, defendant, and said company, defendant executed the note to plaintiff, in consideration of the plaintiff's giving a credit to said company on their indebtedness to plaintiff.

Demurrers were sustained to these replications, and the case went to trial on defendant's pleas. Plaintiff introduced the note in evidence, and the only witnesses examined were defendant and the husband. Their testimony showed without dispute that the debt evidenced by the note was the debt of defendant's husband, and that defendant executed the note as his surety only.

The case was submitted to the jury, with instructions as to the statutory defense, and there followed verdict and judgment for defendant, from which plaintiff appeals.

Cooper & Cooper, of Huntsville, for appellant.

Section 8272 of the Code of 1923 is violative of the Constitution. Const. U. S. Amend. 14. Minor v. Happersett, 21 Wall. 162, 22 L. Ed. 627.

Lanier & Pride, of Huntsville, for appellee.

The statute is not offensive to the Fourteenth Amendment. There was no obligation on the part of defendant to answer interrogatories not pertinent to the issue. Montg. L. & T. Co. v. Harris, 197 Ala. 358, 72 So. 619.

SOMERVILLE, J. [1] Under the defendant wife's plea that the debt sued on was the debt of her husband, as to which she was a surety only, the only issue to be determined was whether the debt, or any part of it, was in fact the debt of the wife. Mills v. Hudmon, 175 Ala. 448, 57 So. 739; Hanchey v. Powell, 171 Ala. 597, 55 So. 97.

The status of forbidden suretyship could not be affected by the fact that there was a collateral consideration moving to her as the inducement to her undertaking as surety. Hence the fact that she was independently indebted either to her husband or to some other person, and that she promised to pay her husband's individual debt in consideration of the cancellation pro tanto of her own indebtedness to him or another, was wholly irrelevant to the issue, and could not avoid the inhibition of the statute. Code 1923, § 8272. The only consideration which can have that effect is one inhering in the immediate transaction—the creation of the debt—by virtue of which she then becomes bound to pay it as her own primary obligation.

[2] At common law the wife could not contract at all. Blythe v. Dargin, 68 Ala. 370. Our statute, forbidding to her any contract of suretyship for her husband (Code 1887, § 2349; Code 1923, § 8272), did not create a disability; but, removing all other contractual disabilities, it merely preserved the wife's original disability as to such contracts of suretyship.

There is no merit in the contention that this statute violates the Fourteenth Amendment. That amendment was not intended to abrogate the common law, nor to create new rights of person or property not known to the common law.

The rulings of the trial court on the pleadings and evidence, and its refusal to compel defendant to answer interrogatories which were entirely irrelevant to the issue, were in accord with the principles above announced, and were free from error.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.