147 So. 600

SHERROD et al. v. KING.

6 Div. 259.

Supreme Court of Alabama.

March 9, 1933.

Rehearing Denied April 27, 1933.

Theo. J. Lamar and T. A. Murphree, both of Birmingham, for appellants.

F. W. McCarthy and W. B. Harrison, both of Birmingham, for appellee.

BOULDIN, Justice.

The bill invoked the general jurisdiction of a court of equity to remove a cloud upon title to land, complainant being in possession, and without adequate remedy at law.

The property in question is described as "Lots Number Three (3), Four (4), Five (5) and Six (6) of Block Five (5), Wylam Heights, according to the map and survey of Wylam Heights," in Jefferson county, Ala.

Both parties claim title from R. L. Sudduth, the common source of title. Complainant's possession, admittedly, did not extend the statutory period of ten years so as to perfect title by adverse possession. His proof of title must be rested upon the rule that title to a common source is all that need be shown.

Appellants question the claim that R. L. Sudduth is complainant's source of title.

Complainant claims through a lease sale contract made in 1924, and respondents through a mortgage in 1926.

In the lease sale contract to complainant, the grantor is named throughout the body of the instrument "Wylam Heights Land Company." It is signed "Wylam Heights Land Company, By R. L. Sudduth, Owner."

There is no evidence touching the identity of Wylam Heights Land Company, save as appears from the contract and subsequent events.

Appellants insist the deed imports the sole grantor was a legal entity named in the body of the instrument, acting through R. L. Sudduth. In effect, this contention would make the signature read: "Wylam Heights Land Company, owner, by R. L. Sudduth" (agent).

The more obvious import is to be found in the signature as written, "R. L. Sudduth, owner," thus identifying Wylam Heights Land Company with R. L. Sudduth, the owner of the land; in other words, R. L. Sudduth, owner, doing business in the name of such company.

Without dispute R. L. Sudduth in person negotiated the trade, received the cash pay-

ment, executed and delivered the contract, put the grantee in possession, and for nearly five years thereafter collected the monthly installments, giving his personal receipts therefor, and finally signed and tendered a deed in his own name.

■ In determining the identity of the grantor in a conveyance of lands, the rule, "Id certum est quod certum reddi potest," obtains. Sloss-Sheffield S. & I. Co. v. Lollar, 170 Ala. 239, 54 So. 272; Bowles v. Lowery, 181 Ala. 603, 62 So. 107; 18 C. J. p. 172, § 54-b.

Cases such as Harrison v. Simons, 55 Ala. 510, wherein the grantors are named in the body of the instrument, but signed also by another not named as grantor, are not in point.

We are here concerned with the identity of the sole grantor named in the body of the instrument as further disclosed by the signature and accompanying facts.

R. L. Sudduth was, under the evidence, the common source of title.

The evidence discloses that, soon after the purchase of such property by lease sale contract, and prior to the execution of the mortgage under which respondents claim, the complainant went into actual possession, built a small storehouse and a residence on the property, and thereafter continuously occupied and operated the store down to the filing of this suit, and from time to time rented the residence to tenants. Complainant resided just across the street on other property.

■ Such possession charged the mortgagee with notice of complainant's claim of ownership and put him on inquiry as to the nature of such claim and title. Gamble v. Black Warrior Coal Co., 172 Ala. 669, 672, 673, 55 So. 190; Marietta Fertilizer Co. v. Blair, 173 Ala. 524, 56 So. 131.

It appears there was a balance due the grantor, R. L. Sudduth, on the lease sale contract at the time of his death, November, 1929. Thereafter, during the same month, the complainant paid this balance to the widow and son of decedent, and received delivery of a deed theretofore signed and acknowledged by the grantor and tendered by him in person on November 15th; but he was awaiting payment of such balance when he died.

Appellants insist this balance was due to be paid to the mortgagee, and complainant should be required to do equity by making such payment as a condition to relief.

The mortgage had not been foreclosed at the time this balance was paid as stated; and no evidence shows any demand or notice to intercept the rents prior to such payment.

The theory of appellants is that the conveyance by mortgage passed to the mortgagee, the rents to accrue under the lease, after the law day of the mortgage.

■■ Without considering any question as to the status of this fund as purchase money as well as rents under the lease sale contract, the mortgagor, rather than the mortgagee, is entitled to rents from the mortgagor's tenant until they are intercepted by notice to or demand upon the tenant. Even after foreclosure, or other grant of the complete reversion, the tenant is protected in making payment of rents to his lessor until he has notice of such conveyance. Code; § 6849.

■ This means actual notice, not constructive notice, given by the record of the mortgage. Mere actual notice of the existence of the mortgage does not, before foreclosure, intercept the rents and put the tenant in the wrong in making payment to the lessor. An actual demand is required. Comer v. Sheehan, 74 Ala. 452, 457; Otis v. McMillan & Sons, 70 Ala. 46.

No question of the rights of a purchaser at foreclosure sale under our redemption statutes is involved. Complainant was a prior purchaser of the lands with a superior equity to that of the mortgagee or his purchaser with notice by reason of complainant's actual possession.

■ The right of the administrator of the grantor's estate, rather than the heirs at law, to collect this balance of purchase money, if such right may be assumed in the absence of evidence, is not a matter of which respondents can complain.

There is no evidence that complainant had any purpose to forestall any claim of respondents by making payment as he did.

The title, legal and equitable, was represented by parties before the court, and we find no error calling for a reversal of the decree granting complainant relief.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.