180 So. 545

**WEBB v. LAMAR et al.**

**2 Div. 117.**

Supreme Court of Alabama.

April 14, 1938.

Keith & Wilkinson, of Selma, and Murphy, Hanna, Woodall & Lindbergh and Wm. H. Ellis, all of Birmingham, for appellant.

536

Reese & Reese and Pettus & Fuller, all of Selma, for appellees.

BROWN, Justice.

Taking the averments of the bill as true and treating amendable defects as amended, as must be done in considering the general demurrer for want of equity, the complainant by the contract of sale and purchase as evidenced by the contract of February 10, 1932, acquired from the Peoples Bank & Trust Company, the vendor, the equitable title to the property, the subject matter of said contract, the vendor retaining the legal title as a security for the payment of the purchase money. Brown v. Beatty, 76 Ala. 250; Bankhead et al. v. Owen, 60 Ala. 457, 466, 467; Seeberg v. Norville et al., 204 Ala. 20, 85 So. 505.

In the transaction evidenced by the agreement between complainant, her husband, and the defendant Law Lamar, of date May 7, 1934, interpreted in the light of the averments of the bill, complainant pledged her property rights to said Lamar to secure the debts of her husband. Such a pledge by the wife for the husband's debts is void because of her incapacity to make such pledge. Code 1923, § 8272; Corinth Bank & Trust Co. v. Pride, 201 Ala. 683, 79 So. 255; Bank of Mobile, N. B. A., v. Smith, 16 Ala.App. 673, 81 So. 193; Horton v. Hill, 138 Ala. 625, 36 So. 465; Street v. Alexander City Bank, 203 Ala. 97, 82 So. 111; Huntsville Bank & Trust Co. v. Thompson, 212 Ala. 511, 103 So. 477.

The subsequent grantee of the bank in the conveyance of March 9, 1935, taking over the property on the strength of said pledge, merely stepped into the shoes of the bank, and the complainant, for all that appears, is entitled to redeem and recover her property, on doing equity, which she expressly offers to do in her bill.

The bill as last amended, clearly, was not subject to the objection that it was without equity, nor is it subject to the defects pointed out in the decree sustaining the demurrers, but is subject to glaring demurrable defects, which the demurrer does not point out. The bill nowhere describes the property. The only description appears in the deed from the bank to the Lamar Grocery Company, and part of that is by reference only, and the deed referred to in the other exhibits is not attached nor its contents stated. For all that appears, the deed to the grocery company covers

property other than the subject matter of the contract between the complainant and the bank.

The averments of paragraph 8 of the bill as last amended, construing the averments most strongly against the pleaded, show that Mina G. Lamar advanced the money to clear the property of the debt contracted by the complainant, and if this is so, she is a necessary party defendant to the bill. Ground a interposed to the amended bill specifically takes the point. Gillespie et al. v. Gibbs et al., 147 Ala. 449, 41 So. 868.

It is well settled that a demurrer is a single entity and if one ground is good, a decree sustaining the demurrer is sound. Hammons v. Hammons, 228 Ala. 264, 153 So. 210; Patten et al. v. Swope, 204 Ala. 169, 85 So. 513.

Affirmed.

ANDERSON, C. J., and FOSTER and KNIGHT, JJ., concur.