181 So. 495
FIRST NAT. BANK OF BIRMINGHAM v. HAYNES et al.

6 Div. 179.

Supreme Court of Alabama.
May 19, 1938.

Murphy, Hanna, Woodall & Lindbergh and Wm. H. Ellis, all of Birmingham, for appellant.

D. G. Ewing and Clark & Trawick, all of Birmingham, for appellee McCarty.

KNIGHT, Justice.

The appeal in this cause is prosecuted by appellant—complainant in the court below—from a decree of the circuit court sustaining the demurrers of the several respondents, separately interposed, to the amended bill.

The real purpose of the bill was to quiet title in the complainant, to certain real estate in Jefferson County, Alabama, but sought other incidental relief, all germane to the main purpose of the bill.

It appears from the averments of the bill that the respondent Phillip Ross owned certain real property in Jefferson County, and that on January 13, 1923, this respondent and the respondent Cleve Haynes entered into a contract, designated "Lease Sale Contract," whereby the said Phillip Ross agreed to sell, and the said Cleve Haynes agreed to purchase, the said property upon terms and conditions set out in a written contract executed by the said seller and purchaser.

By the terms of said contract Haynes agreed to pay $4,000.00 for the property, of which amount $300.00 was actually paid in cash, and the balance was to be paid in 140 installments of $25.00 each, with interest from maturity, on the 13th day of each month "during the term."

The contract contained the following provision, among others:

"It is further understood and agreed that if the party of the second part fails to pay the monthly rent as it becomes due, and becomes as much as two months in arrears during the first year of the existence of this Lease, or as much as three months in arrears on such payments at any time thereafter, or should fail to pay the taxes on the said property when the same become due, or should fail to comply with any condition or requirement herein, then on the happenings of any such event the party of the second part forfeits his rights to a conveyance of said property, and all money paid by the party of the second part under this contract shall be taken and held as payment of rent for said property, and the party of the second part shall be liable to the party of the first part as a tenant for the full term of said Lease, and the provisions herein 'that the rent paid under this Lease shall be considered a payment for said property, and the party of the first part shall make and execute a deed with a warranty of title conveying said property to the party of the second part,' shall be nullity and of no force or effect; and the failure of the party of the second part to comply with any of the conditions of this instrument shall ipso facto render the said provisions a nullity, and make the said party of the second part a lessee under this instrument, without any rights whatever except the rights of lessee without any notice or action whatever upon the part of the party of the first part."

Upon the execution of this contract of purchase, the said Cleve Haynes was put into possession of the property, and remained continuously in such possession until about October 1, 1932.

Whether at that time, October, 1932, the said Haynes voluntarily abandoned the property, or surrendered the possession to the complainant, or was dispossessed by order of some court, does not appear in the bill.

It further appears that after the sale to Cleve Haynes, and while he was in possession of the premises under his contract of purchase, the said Phillip Ross and his wife, Rosa Ross, another respondent to the bill, to secure an indebtedness (which we are justified in assuming was presently contracted) of $2,150.00, executed and delivered to the respondent J. W. McCarty a mortgage on said property. This mortgage was executed on September 7, 1927, and became due and payable on September 7, 1930. The said mortgage was duly filed for record in the Probate Office of Jefferson County on September 8, 1927.

It further appears that after the execution, delivery and recordation of this mortgage to said McCarty, the said Phillip Ross, on December 31, 1929, executed and delivered to the Bank of Ensley his promissory note in the principal sum of $7,800.-00, due and payable on March 29, 1930, and as collateral security therefor "hypothecated" all of the unpaid notes given by the said Cleve Haynes to him on the purchase of said property. That the said principal note of $7,800.00 was thereafter (but just when the bill does not disclose) endorsed to the complainant, for value and before maturity. That on March 21, 1933, the said pledged notes of Cleve Haynes, 43 in number, "were sold at public auction as provided by the laws of Alabama, and purchased by complainant for the sum of one hundred dollars ($100.-00), and a collateral security foreclosure bill of sale was delivered to your complainant, a true copy of which is attached hereto, marked Exhibit 'C' and made a part hereof."

The bill prays that the complainant be adjudged and decreed to be the owner of said property; that the respondent Cleve Haynes be adjudged to have no right or title thereto or therein; that the right, title and claim of complainant be decreed to be superior and prior to any right existing in the respondent J. W. McCarty by virtue of his said mortgage; that the said Phillip Ross be decreed to have no title or interest in said property; that the court decree the "retention title contract for-

feited," in so far as the said Cleve Haynes is concerned; that a judgment be entered against said Haynes for the principal and interest provided in the notes, including a reasonable attorney's fee; or in the alternative that the said Cleve Haynes be allowed to pay off said notes. Other relief, not necessary to be noted, is prayed, including prayer for general relief.

It would seem that the foregoing statement of the facts of the case is sufficient to show the equities of the parties.

■ The possession of the property by Cleve Haynes, at the time the respondent McCarty took his mortgage was sufficient to charge the said McCarty with constructive notice of Haynes' title or claim, and put McCarty on inquiry as to the nature of such claim or title. Gamble v. Black Warrior Coal Co., 172 Ala. 669, 55 So. 190; Marietta Fertilizer Co. v. Blair, 173 Ala. 524, 56 So. 131; Sherrod et al. v. King, 226 Ala. 522, 147 So. 600.

So, then, at the time McCarty acquired his mortgage he must be charged with notice that the said Cleve Haynes was in possession of the property under a contract of purchase, and, in acquiring the mortgage under such ciurcumstances, he took the land as between Haynes and himself, impressed with a trust in favor of the purchaser, the said Haynes. Ross v. Parks, 93 Ala. 153, 8 So. 368, 11 L.R.A. 148, 30 Am.St.Rep. 47; Dickinson v. Any, 25 Ala. 424; Meyer v. Mitchell, 75 Ala. 475.

■ No doubt on the payment of the purchase price of the property by said Haynes, according to the terms of his contract with Ross, the said Ross and McCarty could have been required to convey the same to the said Haynes. But this Haynes did not do, and hence he has no standing in court to enforce the trust.

■ Confessedly, at the time the notes given by Haynes to Ross were "hypothecated" to the Bank of Ensley as collateral security to Ross' note of $7,800.00, the mortgage of Ross to McCarty was of record, and, therefore, the Bank of Ensley had constructive notice of the fact that Ross had conveyed the property by mortgage deed to McCarty. And, likewise, the complainant, at the time it acquired from the Bank of Ensley the Haynes' notes, was charged with notice of said mortgage.

It is well settled in this jurisdiction that where a mortgagee sells and conveys the mortgaged property, .that such sale and conveyance passes to the vendee all the right and title, legal and equitable, of the mortgagee, including the mortgage debt. Sadler et al. v. Jefferson et al., 143 Ala. 669, 39 So. 380; Hooper & Nolen v. Birchfield, 138 Ala. 423, 35 So. 351; Welsh v. Phillips, 54 Ala. 309, 25 Am. Rep. 679; Cook v. Parham, 63 Ala. 456.

It seems to be equally well settled that so long as the legal title remains in the vendor, he may convey the same, and the conveyance will pass all his rights in the land, including, as a general rule, the right in equity to receive the unpaid purchase money, and the vendee in such a conveyance may enforce the. vendor's lien therefor. 27 R.C.L. p. 560, § 300; Ross v. Parks, supra.

Confessedly, the complainant, by its acquisition of the notes given by Haynes, stepped into the shoes of said Ross, vendor, but it acquired thereby no greater interest or rights than those then possessed by the vendor. After the conveyance (mortgage) was executed by Ross and wife to said McCarty, Ross was then entitled to only the balance of the purchase money due by Haynes, after the payment of the McCarty mortgage. This then demonstrates that the complainant is entitled to only such part of the purchase price of the land represented by the Haynes' notes as may remain after the payment of the McCarty mortgage; or is entitled to the land subject to the Mc-Carty mortgage.

"If the vendor's grantee is not entitled to protection as a bona fide purchaser for value, as where he takes with notice of the existing contract, he will take subject to the equitable rights of the purchaser and may be compelled, at the suit of the purchaser to perform the agreement by conveying the land, in the same manner, and to the same extent as the vendor would have been liable to do had he not transferred the legal title." This statement of the law is taken from Ruling Case Law, vol. 27, p. 561, and seems to be supported by numerous authorities cited in the note thereto.

The vendor would not be required to convey the land to the purchaser until the full amount of the purchase price was first paid. Therefore, until the complainant pays the amount of respondent McCarty's mortgage, McCarty cannot be required to relinquish the same, nor can it be displaced. It is superior to any claim or demand, legal or equitable, of Ross the vendor, or the complainant.

But the bill was not without equity. Whatever interest was left in Ross after the mortgage was executed by him to McCarty, the equity of redemption, he retained as a security for the purchase money against Haynes, and this security, through the transfer of the notes of Haynes to the complainant, followed that debt. Therefore, the complainant has a clear equity as against Ross and McCarty to exercise said equity of redemption by paying off the mortgage to McCarty and take title through his redemption.

However, the bill, as to the respondent McCarty was subject to the 22nd ground of this respondent's demurrer. The court, therefore, properly sustained McCarty's demurrer. Ground 22 of the demurrer being well taken, and sustained in term time, and the complainant not offering to amend, the court committed no error in dismissing the bill as to said McCarty. Gillespie et al. v. Gibbs et al., 147 Ala. 449, 41 So. 868; Webb v. Lamar et al., 235 Ala. 533, 180 So. 545.

But the bill as to the other respondents contained equity, and was not subject to any ground of demurrer assigned by them, or either of them. The court, therefore, committed error in sustaining the demurrers of the respondents Phillip Ross, Rosa Ross and Cleve Haynes, and for this error the decree of the circuit court, as to these respondents, will be reversed, and a decree here rendered overruling said demurrers. The order dismissing said cause as to said Phillip and Rosa Ross and Cleve Haynes will be here also set aside and the cause, as to them, reinstated upon the docket.

The order dismissing the cause as to the respondent McCarty will also be here modified by directing the order of dismissal to be without prejudice.

Affirmed as to appellee McCarty, with modification of the order of dismissal.

Reversed, rendered and remanded as to appellees Phillip and Rosa Ross and Cleve Haynes.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.