BRADLEY, Judge.
This is an appeal by the defendants, Russell Myles and R & T Construction Company, from the granting of a summary judgment in favor of the plaintiff.
The plaintiff, Marine Engineering, Inc., filed a complaint against the defendants for work and labor done in the amount of $1,826.38. The complaint alleged that the plaintiff repaired a boat called the Lucky Louie at the request of the defendant. ' After hearing the evidence, the district court found for the plaintiff against the defendants. The defendant appealed the decision to the circuit court.
Thereafter the plaintiff moved for summary judgment in the circuit court. In support of this motion, the plaintiff filed several affidavits with the trial court. The first was an affidavit by the vice president of Marine Engineering which itemized and verified the evidence of a debt of $1,826.38 owed by the defendants to the plaintiff for work and labor done. Along with the affidavit, the plaintiff attached two invoices purportedly sent to the defendants for work performed. The plaintiff also submitted an affidavit by its billing clerk attesting that the invoices and service reports offered by the plaintiff were true and correct copies of records kept in the regular course of business. The final affidavit offered by the plaintiff was by its service manager. The plaintiff’s service manager stated that on two separate occasions the defendant Russell Myles telephoned him at Marine Engineering and requested that repairs be made on a boat called the Lucky Louie. The plaintiff’s service manager stated that the defendant Myles requested that the bill for the repairs be sent to him. According to the plaintiff’s service manager, the repairs were made on the boat each time, and as requested, the bills were sent to Russell Myles.
In opposition to the plaintiff’s motion for summary judgment, the defendant Russell Myle.s filed the following affidavit:
I did not have any dealings nor agree to pay any monies to the Plaintiff, Marine Engineering, Inc. for my personal benefit. My company, R & T Construction, Inc., leased a vessel from West Delta Construction and Development Co., Inc. and that company instructed R & T Construction Co. to have any work done on the vessel’s engines done by Marine Engineering, Inc. as that company had installed the engines for West Delta Construction and Development Co., Inc. and had warranted the engines to that company.
The only issue for our determination is whether the trial court erred in granting the summary judgment against the defendants.
In determining whether a summary judgment is proper, the ultimate question is whether there remains a genuine issue of material fact, and if there is one, summary judgment is inappropriate. First National Bank v. Culberson, Ala., 342 So.2d 347 (1977). The party moving for summary judgment has the burden of showing the' *191 absence of a genuine issue as to any material fact. Loveless v. Graddick, 295 Ala. 142, 325 So.2d 137 (1975). Since the burden of proof is on the movant, the evidence received by the court is construed in favor of the party opposing the motion, and that party is given the benefit of all favorable inferences that can be drawn from such evidence. See Wright & Miller, Federal Practice and Procedure, § 2727 (1973) and cases there cited. However, Rule 56(e) of ARCP also provides that:
When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.
The burden was cast upon the defendants by the motion for summary judgment and its accompanying affidavits to present, by counter affidavits of their own, specific facts controverting those of the plaintiff. Glover v. Merchants Adjustment Service, 57 Ala.App. 62, 326 So.2d 129 (1976). Although inartfully drafted, we conclude that the affidavit of the defendant Russell Myles does meet the burden cast upon the party opposing the motion for summary judgment, especially when one considers the inferences that can be rightfully drawn from the facts set out in defendant Myles’ affidavit.
We think it reasonable to construe defendants’ counter affidavit as a denial of any dealings with the plaintiff, which would include, we think, a denial by inference that Myles had engaged the plaintiff to do any work on the vessel in question for which he could be held liable. Furthermore, we think a reasonable inference could be drawn from Myles’ affidavit that R & T Construction Company would not be liable for the work done on the Lucky Louie because such work came within the purview of warranty work previously done on the vessel.
Based on the above listed circumstances, we believe that a material issue of fact exists for resolution, and the trial court erred in granting summary judgment to plaintiff.
REVERSED AND REMANDED.
WRIGHT, P. J., and HOLMES, J., concur.