BRADLEY, Judge.
This is an appeal from a summary judgment involving the validity of a mortgage.
In early December 1979, Robert E. Beaube and wife, Carey G. Beaube, negotiated with the Bank of Gadsden for a construction loan. The loan was to be used for the construction of a house on lot number twenty-two in Western Hills Subdivision, second addition, plat “I,” page 147, Probate Office, Etowah County, Alabama. On December 12, 1979 a mortgage was executed purporting to convey this lot to the Bank of Gadsden. The mortgage to the bank listed Robert Beaube Construction Company as the mortgagor and the mortgage was signed as follows:
“Robert Beaube Construction Co. By: (s) Robert E. Beaube (s) Carey G. Beaube”
At the time the mortgage was executed, Robert E. Beaube and Carey G. Beaube owned this property individually. Nowhere in the body of the instrument was the individual ownership of the property reflected. The mortgage was filed for recordation in the Etowah County Probate Office on January 15, 1980. This instrument was indexed under the firm name Robert Beaube Construction Company and under the names of the individuals, Robert E. Beaube and Carey G. Beaube.
At the request of Robert and Carey Beaube, the plaintiff, Dixie Heating and Cooling Company, expended labor and materials on the property described in the mortgage. This work was done between March 11, 1980 and August 27, 1980. The plaintiff, on February 27, 1981, filed a verified statement of the claim of a lien. On the same day, plaintiff filed a complaint against Robert and Carey Beaube seeking to establish and enforce its lien and seeking a judgment for goods and services rendered. Soon thereafter, plaintiff amended its complaint adding Bank of Gadsden as a defendant and claiming that plaintiff’s lien has priority over the bank’s mortgage. Dixie Heating recovered a judgment against the Beaubes on April 23, 1981.
On December 29, 1981 Robert E. Beaube and wife, Carey G. Beaube, executed a mortgage conveying the aforementioned property to the bank. This instrument was filed for the purpose of correcting the prior mortgage executed by Robert Beaube Construction Company to the Bank of Gadsden.
Both plaintiff and Bank of Gadsden filed motions for summary judgment and memorandum briefs. After a hearing, the court granted plaintiff’s motion for .summary judgment. The judge found that the judgment against defendants Robert E. Beaube and Carey G. Beaube constituted a valid *493 lien on the real property and that this lien was entitled to priority over the mortgage of the bank. The bank filed a motion to alter, amend or set aside the judgment and this motion was denied. The bank brings this appeal.
This court in reviewing summary judgments looks at the same factors which the court below considered in ruling on the motions. Chiniche v. Smith, 374 So.2d 872 (Ala.1979). The ultimate question in determining whether a summary judgment is proper is whether there remains a genuine issue of material fact. Myles v. Marine Engineering, Inc., 383 So.2d 189 (Ala.Civ.App.1980). Such a judgment is appropriate where it appears that the nonmoving party could not prevail under any set of conceivable circumstances. Whitehead v. Davison Oil Co., 352 So.2d 1339 (Ala.1977).
It appears from the briefs that the only factual issue in dispute is whether L.D. Boyd, the president of Dixie Heating, had knowledge of the mortgage instrument of December 12, 1979. Section 35-4-51, Code 1975, provides that filing of a mortgage constitutes notice of its contents. However, if the mortgage was void, as is argued by the plaintiff, constructive knowledge of the mortgage is immaterial and the court could properly grant a summary judgment. Defendant argues in brief that Dixie Heating had actual knowledge of the mortgage. This issue was not raised until after summary judgment had been granted. “The trial court can consider only that material before it at the time of submission of the motion.... Any material filed after submission of the motion comes too late.” Guess v. Snyder, 378 So.2d 691 (Ala.1979). Hence, the dispositive issue on appeal is whether the mortgage of December 12, 1979 was valid.
Section 35-11-211, Code 1975, provides for the priority of a lien as follows:
“Such lien as to the land and buildings or improvements thereon, shall have priority over all other liens, mortgages or incumbrances created subsequent to the commencement of work on the building or improvement; and as to liens, mortgages or incumbrances created prior to the commencement of the work, the lien for such work shall have priority only against the building or improvement, the product of such work which is an entirety, separable from the land, building or improvement subject of the prior lien, mortgage or incumbrance, and which can be removed therefrom without impairing the value or security of any prior lien, mortgage or incumbrance; and the person entitled to such lien may have it enforced by a sale of such buildings or improvement under the provisions of this division and the purchaser may, within a reasonable time thereafter, remove the same.”
Plaintiff takes the position on appeal, as it did at trial, that the December 12, 1979 mortgage is void. If the mortgage is void, plaintiffs lien has priority since the work was commenced prior to the execution of the valid mortgage on December 29, 1981.
Plaintiff contends the earlier mortgage is invalid since the property owners’ names do not appear in the body of the mortgage. In support of its contention, Dixie Heating cites several older Alabama cases which hold that for an instrument to convey title, not only must the instrument bear the grantor’s signature, but the owner must also be named as the grantor in the body of the document. Adams v. Teague, 123 Ala. 591, 26 So. 221 (1898); Johnson v. Goff, 116 Ala. 648, 22 So. 995 (1897); Gaston v. Weir, 84 Ala. 193, 4 So. 258 (1887). When a conveyance is subscribed by more than one person and one of the signer’s names is not shown in the granting clause or body of the instrument, such conveying instrument is void as to that person. Sheldon v. Carter, 90 Ala. 380, 8 So. 63 (1889).
Defendant, Bank of Gadsden, argues that the earlier mortgage is valid. Although the parties to the mortgage should be specifically set out in the body, if the description of the parties is sufficiently certain that their identity can be determined, then the instrument is valid. Sherrod v. King, 226 Ala. 522, 147 So. 600 (1933). “The requirement of the rule is met if, from the deed in *494 its entirety, enough is shown from which, by the aid of extrinsic evidence, the names of the grantors can be made certain.” Sloss-Sheffield S. & I. Co. v. Lollar, 170 Ala. 239, 54 So. 272 (1910). When from the whole instrument it appears that the mortgage was made by the persons whose names are subscribed thereto, the instrument is valid. Frederick v. Wilcox, 119 Ala. 355, 24 So. 582 (1898).
The case at bar differs from the cases relied on by the defendant in that this case does not involve a partial description of the mortgagor, i.e. “the undersigned.” The name of the mortgagor is clearly and completely, yet erroneously, listed as Robert Beaube Construction Company. Although the instrument was signed by the property owners, it was signed by them in their representative capacities rather than as individuals. The mortgage of December 12, 1979 does not convey the Beaubes’ interest in the property.
Defendant also says that if the first mortgage was invalid, then the error made in listing the mortgagor was corrected by the subsequent mortgage and the correction relates back. Section 35-4-153, Code 1975, provides as follows:
“When, through fraud, or a mutual mistake of the parties, or a mistake of one party which the other at the time knew or suspected, a deed, mortgage or other conveyance does not truly express the intention of the parties, it may be revised by a court on the application of the party aggrieved so as to express that intention, insofar as this can be done without prejudice to rights acquired by third persons in good faith and for value.” (Emphasis added.)
Plaintiff, however, fits into that category of persons whose rights would be prejudiced by such a reformation.
This judgment is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.