These appeals are from an order denying a Rule 60 (b) (6), Ala. R. Civ. P., motion for relief from a default judgment. We reverse and remand.
On September 11, 1996, Neil Cansler was driving his farm tractor on Highway 5 in Franklin County when his tractor was struck from behind by a automobile driven by Terence Sampson. Mr. Cansler was thrown from the tractor, and he later died from injuries he suffered in the accident. Maud Cansler, administratrix of his estate, sued Terence Sampson and his father, Jesse Sampson, who had cosigned a note with Terence for Terence to finance the purchase of *Page 633 
the car he was driving at the time of the accident. Ms. Cansler alleged negligence against Terence Sampson and negligent entrustment against his father. Ms. Cansler also sued Auto-Owners Insurance Company and Alfa Mutual Insurance Company for uninsured motorist benefits, based on Neil Cansler's policies. Ms. Cansler later settled with the two insurance companies.
Service of process was made on Jesse Sampson by certified mail on December 23, 1996, and Terence Sampson was personally served on January 22, 1997, after the plaintiff had tried to serve him by certified mail. According to Jesse and Terence Sampson, they contacted William Todd Atkinson of the law firm of Fite, Atkinson, Guyton, Bentley, P.C., and asked him to represent them. Atkinson never made a formal appearance in the lawsuit. Atkinson states that he never filed a formal appearance because, he says, he had agreed only to telephone Terence Sampson's insurance company, Integon Insurance Company, and inform it of the lawsuit. Atkinson did contact Ms. Cansler's attorney and told him of his limited representation and asked that Ms. Cansler's attorney allow the Sampsons time to obtain a defense from Terence's insurer. In April 1997, Terence's insurance carrier, Integon, notified Atkinson by mail that shortly before the accident Terence Sampson's policy had been canceled for nonpayment of premiums and that Integon, therefore would provide no coverage or defense.
The court entered a default judgment against Jesse and Terence Sampson, and it held a hearing to determine the damages. It entered a $5,000,000 judgment against Jesse and Terence Sampson on September 15, 1997. On December 2, 1997, a writ of garnishment was served on Jesse Sampson and on his employer, Alabama Power Company. According to Jesse Sampson, his wife contacted Atkinson after the garnishment and Atkinson told them that he had undertaken only a limited representation, a representation limited solely to informing Terence's insurance carrier of the accident, in an effort to obtain a defense, and that upon notifying the insurance carrier he had completed his limited representation. On February 9, 1998, Jesse Sampson contacted an attorney and asked the attorney to represent both him and Terence in regard to the default judgment and the garnishment. That attorney filed a Rule 60 (b) (6), Ala. R. Civ. P., motion to set aside the default judgment and a motion to stay the enforcement of the writ of garnishment. The motion alleged that the Sampsons' failure to answer was attributable to legal malpractice on the part of Mr. Atkinson. Atkinson and his law firm asked for, and were granted, permission to intervene.
On April 3, 1998, the trial court denied the Rule 60 (b) (6) motion. It granted the motion to stay the enforcement of the writ of garnishment pending appeal by the Sampsons and the intervenors, Atkinson and his law firm. The Sampsons and the intervenors appealed the denial of the Rule 60 (b) motion.
In Kirtland v. Fort Morgan Auth. Sewer Serv., Inc.,524 So.2d 600 (Ala. 1988), this Court held that the trial court has broad discretion in determining whether to grant or to deny a defendant's motion to set aside a default judgment, but that that discretion is not boundless. The trial court must balance two competing policy interests associated with default judgments — judicial economy and the defendant's right to defend on the merits. Kirtland, 524 So.2d at 604. These interests must be balanced under the two-step process set out in Kirtland.
Under Kirtland, the trial court must first presume that cases should be decided on the merits whenever it is practicable to do so. This presumption exists because the right to have a trial on the merits ordinarily outweighs the need for judicial economy. Second, the trial court must apply a three-factor analysis in determining whether to set aside a default judgment: it must consider "1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant's own culpable conduct." Kirtland, 524 So.2d at 605.
Although Kirtland involved a Rule 55 (c) motion to set aside a default judgment, we also apply the Kirtland analysis to Rule 60 (b) motions to set aside default judgments. *Page 634 Rooney v. Southern Dependacare, Inc., 672 So.2d 1 (Ala. 1995).
In its order denying the motion to set aside the judgment, the trial court found that the Sampsons had negligently failed to protect their own interest and to make inquiry as to the status of their case. The court also found that the Sampsons did not have a meritorious defense of legal malpractice because there was no proof that Atkinson undertook to represent them other than to the limited extent of telephoning Terence Sampson's insurance carrier and informing it of Ms. Cansler's claims. The court stated: "After learning that Jesse Sampson's coverage had been canceled, that no defense of indemnity would be provided and advising the Sampsons, accordingly, [Atkinson] was relieved of any further duty or obligation to them and committed no legal malpractice." (C.R.148.)
The trial court further held:
 "Relief by the intervenors and the defendants Sampson is sought pursuant to the provisions of Rule 60 (b) (6), Ala. R. Civ. P., thereby invoking the discretionary authority of the Court. In determining whether to exercise that discretionary authority in this case, the Court has considered the actions of the defendants Sampson in failing to take legal steps to protect their own interest and to make inquiry as to status of their case, [the] lack of compelling evidence indicating an attorney-client relationship existing between the said defendants and the intervenors and [the] failure to satisfy the Court regarding any other compelling reason why the relief from the Default Judgment heretofore entered by the Court on September 15, 1997, should be granted. . . ."
(C.R.149.)
The Sampsons argue that they did not have to prove the legal malpractice they alleged on the part of Atkinson — only to prove that the alleged malpractice was possible — in order to present the "meritorious defense" required by Kirtland. Additionally, the Sampsons argue that they presented to the trial court evidence indicating that the accident was not caused by negligence on the part of Terence Sampson. Atkinson and his law firm argue that the Sampsons had a meritorious defense — that Terence Sampson did not negligently cause the accident.
The first Kirtland factor is whether the defaulting party presented a meritorious defense. To present a meritorious defense, for Rule 56 (c) purposes, does not require that the movant satisfy the trial court that the movant would necessarily prevail at a trial on the merits, only that the movant show the court that the movant is prepared to present a plausible defense.Kirtland, 524 So.2d at 605.
 "The defense proffered by the defaulting party must be of such merit as to induce the trial court reasonably to infer that allowing the defense to be litigated could foreseeably alter the outcome of the case. To be more precise, a defaulting party has satisfactorily made a showing of a meritorious defense when allegations in an answer or in a motion to set aside the default judgment and its supporting affidavits, if proven at trial, would constitute a complete defense to the action, or when sufficient evidence has been adduced either by way of affidavit or by some other means to warrant submission of the case to the jury.
 "The allegations set forth in the answer and in the motion must be more than mere bare legal conclusions without factual support; they must counter the cause of action averred in the complaint with specificity — namely, by setting forth relevant legal grounds substantiated by a credible factual basis. Such allegations would constitute a `plausible defense.'"
Kirtland, 524 So.2d at 606.
Based on the record before us, we agree with the trial court that the Sampsons failed to present evidence of legal malpractice. However, the Sampsons did present evidence indicating that Terence Sampson did not cause the accident. Three affidavits — an affidavit from the state trooper who investigated the accident, Terence Sampson's own affidavit, and the affidavit of Terence Sampson's passenger — all indicate that the accident was Cansler's fault. Thus, the defendants presented sufficient evidence that, if accepted by the fact-finder as true, would constitute a *Page 635 
defense. This issue regarding the cause of the accident warrants submitting the case to a jury.
The second Kirtland factor is whether the plaintiff will be unfairly prejudiced by setting aside the default judgment. The prejudice must be substantial. Ex parte Gilliam, 720 So.2d 902
(Ala. 1998). Mere delay or increased costs are not sufficient to justify a refusal to set aside a default judgment. Gilliam. Ms. Cansler has not argued prejudice except in the form of delay and increased costs.
The third Kirtland factor is whether the default judgment was the result of the defendant's own culpable conduct.
 "To warrant a refusal to set aside a default judgment, the defaulting party's actions must constitute willful conduct or conduct committed in bad faith, because `[n]egligence by itself is insufficient.' Bad faith or willfulness is identified by `incessant and flagrant disrespect for court rules, deliberate and knowing disregard for judicial authority, or intentional nonresponsiveness.'"
Gilliam, 720 So.2d at 904, quoting Kirtland, 524 So.2d at 608.
We agree with the trial court that the Sampsons negligently failed to protect their interest and to inquire as to the status of their case. However, the record contains no evidence indicating that their negligent actions were undertaken in bad faith or willfuly.
The judgment of the trial court is reversed and the case is remanded.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, SHORES, and SEE, JJ., concur.