69 So.3d 89 (2010)
Jeffery STEELE
v.
FEDERAL NATIONAL MORTGAGE ASSOCIATION.
1091441.
Supreme Court of Alabama.
December 3, 2010.
Rehearing Denied March 11, 2011.
*90 Kenneth J. Lay, Legal Services Alabama, Inc., Birmingham; and Rhonda Steadman Hood of Stirling & Hood, Birmingham, for appellant.
Greggory M. Deitsch, Barry A. Ragsdale, and R. Ryan Daugherty of Sirote & Permutt, P.C., Birmingham, for appellee.
STUART, Justice.
The Federal National Mortgage Association ("Fannie Mae") initiated an ejectment action against Jeffery Steele and his wife, Matilda Steele, in the Jefferson Circuit Court after acquiring title to the Steeles' house pursuant to a foreclosure deed. The Steeles failed to file an answer to Fannie Mae's complaint, and the trial court entered a default judgment in favor of Fannie Mae. Jeffery thereafter moved to set aside the default judgment; however, his motion was denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P. Jeffery now appeals.[1] We affirm.

I.
On May 16, 2005, the Steeles executed a mortgage on their house in Hueytown ("the property") with NetBank; NetBank thereafter assigned the mortgage to Everhome Mortgage Company. The Steeles subsequently defaulted on the mortgage, and, on June 30, 2009, Fannie Mae purchased the property from Everhome Mortgage at a foreclosure sale. On that same date, an attorney with Sirote & Permutt, P.C., which apparently represented both Fannie Mae and Everhome Mortgage, sent the Steeles a certified letter demanding possession of the property and informing them, pursuant to § 6-5-251, Ala.Code 1975, that the failure to deliver possession of the property within 10 days would result in the forfeiture of the right of redemption and the filing of an ejectment action against them. The letter, however, erroneously stated that the property had been purchased by Everhome Mortgage at the foreclosure sale instead of by Fannie Mae and purported to make the demand for possession on behalf of Everhome Mortgage.
On September 28, 2009, Fannie Mae filed an ejectment action against the Steeles in the Jefferson Circuit Court. They were served on September 30, 2009; however, after they failed to file an answer within the 30-day period following service as required by Rule 12(a), Ala. R. Civ. P., Fannie Mae moved the trial court to enter a default judgment pursuant to Rule 55, Ala. R. Civ. P. On November 10, 2009, the trial court granted Fannie Mae's motion and entered a default judgment against the Steeles. On November 24, 2009, Jeffery filed a handwritten motion with the trial court asking it to set aside the default judgment and requesting a hearing. Jeffery subsequently obtained legal counsel, and, on February 3, 2010, he filed a second motion asking the trial court to set aside the default judgment, arguing that Fannie Mae had failed to make a demand for possession before initiating the ejectment action and that it therefore had no right to possession and no right to eject the Steeles from the property. Fannie Mae opposed Jeffery's motion, arguing that there was no statutory requirement that it make a demand for possession before filing an ejectment action.
The trial court thereafter scheduled a hearing for March 3, 2010, on Jeffery's motion to set aside the default judgment. However, on February 22, 2010before that hearing was heldJeffery's original motion to set aside the default judgment, filed on November 24, 2009, was denied by *91 operation of law pursuant to Rule 59.1, Ala. R. Civ. P., because the trial court had failed to rule on it within 90 days. On March 31, 2010, the trial court nevertheless entered an order purporting to deny the motion and, on that same day, Jeffery filed his notice of appeal.

II.
Typically, this Court reviews a trial court's decision granting or denying a motion to set aside a default judgment to determine whether the trial court, in so deciding, exceeded its discretion. Kirtland v. Fort Morgan Auth. Sewer Serv., Inc., 524 So.2d 600, 603 (Ala.1988). However, this Court has previously determined that the judgment that results from a trial court's failure to rule on a motion subject to denial by operation of law under Rule 59.1 is not automatically entitled to the same deference that is afforded a judgment arrived at after due deliberation. Edgar v. State, 646 So.2d 683, 686-87 (Ala. 1994); and Perdue v. Gates, 403 So.2d 165 (Ala.1981). Although in this case the trial court entered an order purporting to affirmatively deny Jeffery's motion to set aside the default judgment entered against him and his wife, that motion had already been denied by operation of law pursuant to Rule 59.1; the order purporting to deny the motion was therefore void, and it is without effect. See Rabb v. Estate of Harris, 953 So.2d 401, 403 (Ala.2006) ("However, [the trial court's] order was void for lack of jurisdiction because, pursuant to Rule 59.1, Ala. R. Civ. P., [the appellant's] postjudgment motion had already been denied by operation of law...."). Accordingly, because the trial court took no valid action indicating that the decision to deny Jeffery's motion was the product of due deliberation, we review Jeffery's motion to set aside the default judgment de novo, applying the analysis mandated by Kirtland.
"Under Kirtland, the trial court must first presume that cases should be decided on the merits whenever it is practicable to do so. This presumption exists because the right to have a trial on the merits ordinarily outweighs the need for judicial economy. Second, the trial court must apply a three-factor analysis in determining whether to set aside a default judgment: it must consider `1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant's own culpable conduct.' Kirtland, 524 So.2d at 605."
Sampson v. Cansler, 726 So.2d 632, 633 (Ala.1998).

III.
On appeal, Jeffery argues that Fannie Mae was required to serve a written demand for possession upon him before proceeding with its ejectment action and that its failure to do so deprived it of standing; accordingly, he argues, the default judgment entered by the trial court is void for lack of subject-matter jurisdiction.[2] Jeffery also argues that the default *92 judgment should be set aside under Kirtland because, he argues, he has a meritorious defense to the ejectment action based on Fannie Mae's failure to serve him with a demand for possession before filing its ejectment action. He further asserts that Fannie Mae will not be prejudiced if the default judgment is set aside and that the default judgment is not the result of his own culpable conduct. The success of these arguments ultimately hinges on the same issue whether Fannie Mae was required to serve Jeffery with a written demand for possession before filing the instant ejectment actionand we accordingly focus our analysis on that inquiry.
In support of his argument that Fannie Mae was required to serve him with a demand for possession before initiating an ejectment action, Jeffery cites Jones v. Butler, 286 Ala. 69, 71, 237 So.2d 460, 462 (1970), in which this Court stated:
"We here note that when this, the original mortgage and foreclosure deed, or certified copies of the record thereof, were introduced in evidence, coupled with proof of demand for possession, and failure to deliver possession, such introduction made out a prima facie case for appellee in the ejectment trial. Title 62, Sec. 129, Code 1940, Recompiled in 1958; Act No. 327, General Acts 1931, p. 370; Ex.Sess.1933, pp. 122, 183."
(Emphasis added.) Jones v. Butler therefore, Jeffery argues, indicates that a demand for possession is required, and Jeffery cites subsequent opinions of both this Court and the Court of Civil Appeals that have reaffirmed that principle. See, e.g., Muller v. Seeds, 919 So.2d 1174, 1177 (Ala. 2005); Taylor v. Bryars, 602 So.2d 378, 380 (Ala.1992); Thompson v. Wachovia Bank, Nat'l Ass'n, 39 So.3d 1153, 1161-62 (Ala.Civ.App.2009); and Thompson v. First State Bank of Alabama, 503 So.2d 858, 860 (Ala.Civ.App.1987).
Fannie Mae, however, argues that Jones v. Butler is inapplicable to the present case because it brought its ejectment action against the Steeles under the modern ejectment statute, § 6-6-280, Ala.Code 1975, and Jones v. Butler involved an ejectment action brought under § 129, Title 62, Code of Alabama 1940 (Recomp.1958), which is not the predecessor statute to § 6-6-280 and which has no counterpart in the 1975 Code. Fannie Mae further argues that subsequent opinions of this Court and the Court of Civil Appeals relying on Jones v. Butler after the enactment of § 6-6-280 did so in error and are accordingly due to be overruled. For the reasons that follow, we agree with Fannie Mae.
Actions in ejectment or actions in the nature of an action in ejectment are governed by § 6-6-280, and we are bound to interpret the language of that statute to mean exactly what it says. Blue Cross & Blue Shield of Alabama, Inc. v. Nielsen, 714 So.2d 293, 296 (Ala.1998). Section 6-6-280 provides:
"(a) A plaintiff commencing an action for the recovery of lands or the possession thereof has an election to proceed by an action of ejectment or by an action in the nature of an action of ejectment as is provided in subsection (b) of this section.
"(b) An action for the recovery of land or the possession thereof in the nature of an action in ejectment may be maintained without a statement of any lease or demise to the plaintiff or ouster by a casual or nominal ejector, and the complaint is sufficient if it alleges that the *93 plaintiff was possessed of the premises or has the legal title thereto, properly designating or describing them, and that the defendant entered thereupon and unlawfully withholds and detains the same. This action must be commenced in the name of the real owner of the land or in the name of the person entitled to the possession thereof, though the plaintiff may have obtained his title thereto by a conveyance made by a grantor who was not in possession of the land at the time of the execution of the conveyance thereof. The plaintiff may recover in this action mesne profits and damages for waste or any other injury to the lands, as the plaintiff's interests in the lands entitled him to recover, to be computed up to the time of the verdict."
This language is clear, and there is no requirement in § 6-6-280 that a party with superior title to the land make any demand for possession to an unlawful possessor before initiating an ejectment action. Rather, the statute unambiguously states that a complaint seeking ejectment "is sufficient if it alleges that the plaintiff was possessed of the premises or has the legal title thereto, properly designating or describing them, and that the defendant entered thereupon and unlawfully withholds and detains the same." In the present case, there is no dispute that the complaint filed by Fannie Mae complied with § 6-6-280 inasmuch as it alleged (1) that Fannie Mae held legal title to the property and (2) that the Steeles were nevertheless unlawfully withholding possession of it. Accordingly, the mere fact that Fannie Mae failed to formally demand possession of the property from the Steeles before initiating the ejectment action does not provide Jeffery with a meritorious defense to that action. The trial court accordingly did not err by failing to grant Jeffery's motion to set aside the default judgment entered against him.[3]
We note that Jones v. Butler was correctly decided because § 129, Title 62, Code of Alabama 1940 (Recomp.1958), which it was construing, does indicate that a demand for possession should be made before an action for ejectment may be maintained in certain jurisdictions; however, Muller, Taylor, Thompson v. Wachovia Bank, and Thompson v. First State Bank of Alabama, to the extent they relied upon Jones v. Butler for the proposition that such a demand for possession is required even after the enactment of § 6-6-280, which on its face contains no such requirement, were not. We, therefore, overrule those cases in that regard. Thompson v. Wachovia Bank is also overruled to the extent that it relied on § 6-5-251 to conclude that a demand for possession must be made before initiating an ejectment action. 39 So.3d at 1162 ("Based on § 6-5-251(a) and the quote from Jones v. Butler, we conclude that Wachovia did not have a right to immediate possession of the property until 10 days after it made demand for possession of the property on September 25, 2007, and that its ejectment claim did not accrue until [the parties in possession] failed to deliver possession 10 days after Wachovia made that demand for possession."). Section 6-5-251 concerns redemption rights, not an action for ejectment, and provides only that a party failing to deliver possession within 10 days after receiving a written demand for possession forfeits his statutory right to redeem the property.

*94 IV.
The trial court entered a default judgment in favor of Fannie Mae and against Jeffery in the ejectment action filed by Fannie Mae. On appeal, Jeffery has argued that the default judgment should have been set aside because Fannie Mae failed to serve him with a formal demand for possession before initiating the ejectment action. However, because the ejectment statute, § 6-6-280, does not require that such a demand be made, the trial court did not err by failing to set aside the default judgment, and the judgment is hereby affirmed.
AFFIRMED.
COBB, C.J., and LYONS, WOODALL, SMITH, BOLIN, PARKER, MURDOCK, and SHAW, JJ., concur.
NOTES
[1] Jeffery's wife Matilda is not a party to this appeal.
[2] Although Jeffery has framed this argument in standing terms, Fannie Mae's standing to bring this action has not actually been implicated. See Wyeth, Inc. v. Blue Cross & Blue Shield of Alabama, 42 So.3d 1216, 1220 (Ala. 2010) ("`[The appellee] appears to argue that plaintiffs lack standing because they have no legal right to the relief they seek. [The appellee] has confused standing with failure to state a claim. The two are conceptually distinct: when standing is at issue, the court asks whether the plaintiffs are the proper parties to bring the action, whereas failure to state a claim focuses not on the parties but on the existence of a cause of action (i.e., on the merits). Kirby v. Department of HUD, 675 F.2d 60, 63-64 (3d Cir.1982); Bowman v. Wilson, 672 F.2d 1145, 1151 n. 10 (3d Cir. 1982).'" (quoting Angleton v. Pierce, 574 F.Supp. 719, 726 (D.N.J. 1983))).
[3] Having concluded that Jeffery has not alleged a meritorious defense, we need not consider whether Fannie Mae would be prejudiced if the default judgment is set aside or whether the entry of the default judgment was the result of Jeffery's own culpable conduct. See Kirtland, 524 So.2d at 605.