THOMPSON, Presiding Judge.
Sandra Maiden appeals from the denial of her motion to set aside a default judgment entered by the Jefferson Circuit Court in favor of the Federal National Mortgage Association (“FNMA”). For the reasons set forth herein, we reverse and remand.
On December 16, 2009, FNMA filed an ejectment action against Jerry Hardy and Patricia Hardy. It alleged that Jerry Hardy had executed a mortgage, which, after being assigned to another mortgage company, had been foreclosed. FNMA stated that the real property securing the mortgage (“the property”) had been con *862 veyed to it by a special warranty deed. It asserted that it had served the Hardys with a written demand for possession of the property but that they had failed to vacate the property. FNMA sought an order ejecting the Hardys from the property. It attached to its complaint a foreclosure deed indicating that Everhome Mortgage Company (“Everhome”) had been assigned the mortgage from the original mortgagee, that Everhome had foreclosed on the mortgage because of default in the payment of the debt the mortgage secured, and that Everhome had purchased the property at the foreclosure sale on November 19, 2009. FNMA also attached to its complaint a copy of a special warranty deed, executed on August 14, 2009, conveying the property from Ever-home to FNMA. The Hardys and Sandra Maiden are listed on the deed as “mortgagors.” Finally, FNMA attached to its complaint a copy of an unsigned letter, dated November 19, 2009, sent on behalf of Everhome and addressed to the estate of Jerry Hardy, who had died, Patricia Hardy, and Sandra Maiden. The letter, titled “Demand for Possession,” informed the Hardys and Maiden that Everhome had purchased the property at a foreclosure sale, and it demanded that the Hardys and Maiden vacate the property.
On December 29, 2009, FNMA filed an amended complaint adding Maiden as a defendant on the basis that she currently resided on the property. The record reflects that Maiden was served with process on January 6, 2010.
Maiden did not file an answer to the amended complaint, and, on February 11, 2010, FNMA filed an application for the entry of a default judgment against her. FNMA also filed a motion to dismiss Jerry Hardy and Patricia Hardy on the ground that they no longer occupied the property. On February 23, 2010, the trial court entered the requested default judgment against Maiden, awarding possession of the property to FNMA, and it granted FNMA’s motion to dismiss Jerry Hardy and Patricia Hardy from the action.
On March 22, 2010, Maiden filed a motion to set aside the default judgment. In her motion, she asserted that she had a meritorious defense to FNMA’s action in that “there was an improper foreclosure of the property,” although she stated that, without discovery, she would “not be able to fully discern the exact extent to which the foreclosure was improper.” She also stated that she had a defense on the basis of “estoppel due to misrepresentation.” Maiden asserted that FNMA would not be prejudiced by the setting aside of the default judgment because the judgment had been entered less than 30 days before Maiden filed her motion and, as a result, that the automatic stay of proceedings to enforce the judgment provided by Rule 62, Ala. R. Civ. P., was still in force. Thus, she argued, FNMA had “not wasted any time or resources initiating collections efforts.” Finally, she asserted that the default judgment did not result from culpable conduct on her part. She stated that she had been “under the honest impression that she would be unable to be heard in court because she had been unable to receive or relay any information to the servi-cer of the mortgage account prior to the foreclosure date” and that, once she realized the default judgment had been entered, she retained counsel. Maiden argued that, under Alabama law, cases should be decided on the merits whenever practicable and that, because of her financial situation, failure to set aside the default judgment would leave her “homeless and without any resources.” Maiden supported her motion with an affidavit in which she stated, in pertinent part:
“I have lived at [the property] since March 3, 2003. I was willed the property after my fiance’s death in October *863 2005. Since that date, I have maintained my monthly mortgage payment. I attempted to speak regularly with [Ev-erhome], but was unable to do so because my name was not on the account. I attempted, numerous times, to send the documents necessary to add me to the account, but I could never get anyone at [Everhome] to verify receipt of documents or let me know what other documents needed to be sent.
“I received notice of the pending lawsuit on January 6, 2010. I sincerely thought that because the mortgage company would not speak to me, neither would the court. I was without legal counsel at that time. After I was given authorization to receive information about the account at [Everhome], I learned that there was a default judgment against me. I notified an attorney and retained counsel immediately.”
The trial court set Maiden’s motion for a hearing.
On April 5, 2010, after the hearing on Maiden’s motion, the trial court entered an order that provided:
“This matter comes before the court on Defendant Maiden’s motion to set aside entry of default judgment. The court, having considered [Maiden]’s motion under the criteria established by the [Supreme] Court in Kirtland v. Fort Morgan Authority Setver Service, Inc., 524 So.2d 600 (Ala.1988), and being satisfied that due to [Maiden]’s not being privy to the real estate mortgage, the foreclosure of which precipitated [FNMA]’s ejectment action, and therefore being satisfied of [Maiden]’s inability to secure evidence with regard to the existence, or not, of a default in the said mortgage prior to the time that [Maiden] came into possession of the said parcel of real property necessary to meet the meritorious defense prong of the Kirtland analysis, the following is hereby ordered:
“1. [Maiden]’s motion to set aside entry of default in this matter is hereby continued;
“2. [FNMA] shall produce for an in camera inspection the account history of the said real estate mortgage for the court’s determination of whether or not the said loan was in default prior to the time that [Maiden] allegedly commenced making monthly installment payments thereunder;
“3. The said in camera inspection shall take place on a date within the next two weeks to be determined by the court and set by separate order to be issued by the court.
“4. Following an in camera inspection, the court shall then rule on [Maiden]’s motion to set aside entry of default.”
Although the record is silent on the issue, the parties agree in their appellate briefs that FNMA did not produce the account. history relative to the foreclosed mortgage for inspection by the trial court. The trial court took no further action on Maiden’s motion. Thus, Maiden’s motion was denied by operation of law on June 21, 2010. See Rule 59.1, Ala. R. Civ. P.[1]
Maiden filed a timely appeal to this court, which transferred the appeal to the supreme court for lack of appellate jurisdiction. The supreme court subsequently *864 transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
On appeal, Maiden contends that the default judgment was void because the trial court was without subject-matter jurisdiction over FNMA’s ejectment action. Specifically, she argues that FNMA’s ejectment action was not ripe for adjudication because FNMA did not have the right to possess the property when it filed its action. FNMA lacked the right to possession of the property, she argues, because FNMA did not give her a written demand for possession. Rather, Maiden points out, it was Everhome, who was not seeking to eject her from the property, that had made the demand for possession of the property.
There is some caselaw from both the supreme court and this court indicating that a purchaser at a mortgage-foreclosure sale must first make a demand of the mortgagor for possession of the property purchased before seeking to have the mortgagor ejected from that property. E.g., Muller v. Seeds, 919 So.2d 1174, 1177 (Ala.2005); Taylor v. Bryars, 602 So.2d 378, 380 (Ala.1992); Thompson v. Wachovia Bank, Nat’l Ass’n, 39 So.3d 1153, 1161-62 (Ala.Civ.App.2009); and Thompson v. First State Bank of Alabama, 503 So.2d 858, 860 (Ala.Civ.App.1987). However, the issue whether the purchaser has made such a demand does not implicate the subject-matter jurisdiction of the court; instead, that issue, at most, involves the question whether the purchaser has stated all the elements necessary to support its ejectment claim. See Steele v. Federal Nat’l Mortgage Assn., 69 So.3d 89, 91 n. 2 (Ala.2010).
[2] Moreover, in Steele, the supreme court overruled prior caselaw, including the cases cited above, and determined, based on the plain language of the ejectment statute, § 6-6-280, Ala.Code 1975, that a purchaser at a foreclosure sale who is seeking to eject the mortgagor from the purchased property is not required to have first demanded possession of the property from the mortgagor before filing an ejectment action. Id. at 92. Thus, we find no merit in Maiden’s first contention.
Maiden also contends that the trial court erred when it entered the default judgment because FNMA had not presented a prima facie case in support of its ejectment claim. Specifically, she argues that FNMA was required to offer into evidence the original mortgage on the property and the foreclosure deed or copies thereof.[2]
Given the supreme court’s recent decision in Steele, discussed above, we have reason to doubt the continuing validity of those cases that have held that a plaintiff must present the original mortgage and the foreclosure deed, or copies thereof, to make a prima facie case in support of its ejectment claim (e.g., Thompson v. First State Bank of Alabama, 503 So.2d 858, 860 (Ala.Civ.App.1987)), given that § 6-6-280 contains no such requirement. We need not resolve that question, however. It is enough to note that Maiden’s contention does not implicate the trial court’s subject-matter jurisdiction, see Steele, 69 So.3d at 91 n. 2, and, as a result, it cannot be raised for the first time on appeal, see Edge v. Edge, 494 So.2d 71, 72 (Ala.Civ.App.1986). Because Maiden did not raise the issue in the trial court, we will not consider it presently. See Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala.1992).
*865 Maiden next contends that FNMA lacked standing to bring its ejectment action because it had no interest in the property at the time it filed the action. She argues that the special warranty deed by which Everhome conveyed the property to FNMA was executed on August 14, 2009, and that Everhome did not foreclose the mortgage and purchase the property until November 19, 2009. Thus, she argues, at the time Everhome purported to convey the property to FNMA, Everhome was the mortgagee, and it had no ownership interest in the property that it could have conveyed to FNMA. Maiden argues that, as a result, Everhome never properly transferred ownership of the property to FNMA and, thus, that FNMA has no standing to seek her ejection from the property. We disagree.
Alabama is a “title theory” state; thus, when a person mortgages real property, the mortgagee obtains legal title to the real property and the mortgagor retains an equity of redemption. See Baldwin Mut. Ins. Co. v. Henderson, 580 So.2d 574, 575 (Ala.1991). See also Baxter v. SouthTrust Bank of Dothan, 584 So.2d 801, 804 (Ala.1991) (“A mortgage will pass legal title to the mortgagee, leaving the mortgagor with an equity of redemption _”). Thus, even if this court were to assume that the special warranty deed was effective as of the date of its execution (an issue we do not resolve at this time), Ever-home, at the time of the conveyance, held legal title to the property and was free to convey its interest in the property to FNMA. As our supreme court stated in Crabtree v. Davis, 287 Ala. 264, 266, 186 So. 734, 736 (1939): “ ‘It is well settled in this jurisdiction that where a mortgagee sells and conveys the mortgaged property, that such sale and conveyance passes to the vendee all the right and title, legal and equitable, of the mortgagee, including the mortgage debt.’ ” (Quoting First Nat’l Bank v. Haynes, 236 Ala. 133, 137, 181 So. 495, 497 (1938).) We further note that a mortgagee need not foreclose on its mortgage and obtain a deed in foreclosure before seeking to have a mortgagor ejected from the property securing the mortgage. See § 6-6-282, Ala.Code 1975. Thus, we conclude that, even if the special warranty deed effected a conveyance of the property to FNMA before Everhome’s foreclosure of the mortgage, FNMA, as the holder of the legal title of the property, would have had standing to prosecute an ejectment action against Maiden.
Maiden next contends that the trial court erred to reversal by allowing her motion to set aside the default judgment to be denied by operation of law rather than considering the factors, set forth in Kirtland v. Fort Morgan Authority Sewer Service, Inc., 524 So.2d 600 (Ala.1988) (“the Kirtland factors”), that a court is required to consider in resolving such a motion. We agree with Maiden that the trial court did not appropriately consider the Kirt-land factors in resolving her motion, and, as a result, the denial of her motion is due to be reversed and the cause remanded for further consideration.
In Sampson v. Cansler, 726 So.2d 632, 633 (Ala.1998), our supreme court discussed the effect of its Kirtland decision:
“In Kirtland v. Fort Morgan Authority ] Sewer Serv[ice ], Inc., 524 So.2d 600 (Ala.1988), this Court held that the trial court has broad discretion in determining whether to grant or to deny a defendant’s motion to set aside a default judgment, but that that discretion is not boundless. The trial court must balance two competing policy interests associated with default judgments — judicial economy and the defendant’s right to defend on the merits. Kirtland, 524 So.2d at 604. These interests must be balanced under the two-step process set out in Kirtland.
*866 “Under Kirtland, the trial court must first presume that cases should be decided on the merits whenever it is practicable to do so. This presumption exists because the right to have a trial on the merits ordinarily outweighs the need for judicial economy. Second, the trial court must apply a three-factor analysis in determining whether to set aside a default judgment: it must consider T) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant’s own culpable conduct.’ Kirtland, 524 So.2d at 605.”
Sampson, 726 So.2d at 633 (emphasis added).
In Richardson v. Integrity Bible Church, Inc., 897 So.2d 345 (Ala.Civ.App. 2004), the trial court entered a default judgment in favor of the plaintiff, and the defendant’s motion to set aside that judgment was denied by operation of law. On appeal, this court reversed the trial court’s judgment because the record did not reflect that the trial court had resolved the defendant’s motion by application of the Kirtland factors. This court wrote:
“Under Alabama law, although trial judges must balance two competing policy interests — judicial economy and the litigant’s right to defend on the merits— in determining whether to set aside a default judgment, ‘preserving a litigant’s right to a trial on the merits is paramount and, therefore, outweighs the interest of promoting judicial economy.’ Kirtland v. Fort Morgan Auth. Sewer Serv., Inc., 524 So.2d 600, 604 (Ala.1988). ‘In determining whether to set aside a default judgment, a trial court must apply the three-factor analysis set forth by our Supreme Court in Kirtland,’ i.e., ‘(1) whether the defaulting party has a meritorious defense, (2) whether the nonde-faulting party will be unfairly prejudiced if the default judgment is set aside, and (3) whether the default judgment was a result of the defaulting party’s own culpable conduct.’ McCormick v. Congleton, 860 So.2d 1275, 1278 (Ala.Civ.App. 2003) (emphasis added); accord, White v. Westmoreland, 680 So.2d 348, 349 (Ala.Civ.App.1996).
“Richardson contends that consideration of the Kirtland factors is mandatory and that the trial court apparently did not consider those factors. Because of the importance of the interest of preserving a party’s right to a trial on the merits, this court has held that where a trial court does not demonstrate that it has considered the mandatory Kirtland factors in denying a motion to set aside a default judgment, such as where a Rule 55(c)[, Ala. R. Civ. P.,] motion is denied by operation of law, the denial of the motion to set aside the default judgment will be reversed and the cause remanded for the trial court to address the Kirtland factors. White, 680 So.2d at 349; CHO Real Estate Holding, Inc. v. Wyatt, 680 So.2d 372 (Ala.Civ.App. 1996); BankAmerica Hous. Servs. v. Matthews, 718 So.2d 86, 88 (Ala.Civ.App. 1998); Cobb v. Loveless, 807 So.2d 566, 567 (Ala.Civ.App.2001); compare Advance Carpet Sys., Inc. v. Haman, Inc., 716 So.2d 1248, 1249 (Ala.Civ.App.1998) (distinguishing White and CHO because trial court’s express denial of motion to set aside default judgment was not entered by operation of Rule 59.1, Ala. R. Civ. P., and was shown on the record to be based upon application of Kirtland factors).
“In this case, there is nothing to indicate that the trial court considered the three factors specified in Kirtland. We therefore reverse the trial court’s denial of Richardson’s motion to set aside the *867 default judgment entered against him and remand the cause ‘for the trial court to consider the Kirtland factors in determining whether to set aside the default judgment.’ BankAmerica Hous. Servs., 718 So.2d at 88. As in White, however, our mandate in this case ‘is not to be construed to mean that the trial court must set aside the default judgment, [but] only that the trial court must apply the Kirtland factors in deciding whether to set aside the default judgment.’ 680 So.2d at 349.”
Richardson, 897 So.2d at 348-49.
The record in the present case does not reflect that the trial court resolved Maiden’s motion to set aside the default judgment by application of the Kirtland factors. Instead, as in Richardson, the trial court allowed the motion to be denied by operation of law. FNMA argues that the trial court’s order of April 5, 2010, reflects that it had considered the Kirtland factors in resolving Maiden’s motion. We agree that the trial court stated in its order that it was considering the Kirtland factors. However, there is no indication in that order that its consideration of those factors had led it to conclude that Maiden’s motion was due to be denied. To the contrary, the order indicated that the trial court was focused on the question whether Maiden had presented a meritorious defense and that it needed additional information, that FNMA was supposed to provide, in order to reach a conclusion as to that issue. By allowing the motion to be denied by operation of law without FNMA’s having provided the trial court the information it was ordered to produce, it is clear that the trial court did not ultimately resolve Maiden’s motion by reference to the Kirtland factors. For this reason, the denial of the motion is due to be reversed and the cause remanded to the trial court for resolution of Maiden’s motion in light of the Kirtland factors.[3]
We note that both parties argue at some length in their appellate briefs the merits of Maiden’s motion in light of the Kirtland factors. We have reviewed their arguments and conclude that we cannot determine, based on the scant appellate record, that the trial court was required to have exercised its discretion in such a manner as to reach a particular determination regarding the disposition of Maiden’s motion. The parties’ arguments in this regard are therefore left for the trial court’s consideration on remand.
Based on the foregoing, we conclude that the trial court had subject-matter jurisdiction over FNMA’s action but that it erred to reversal when it allowed Maiden’s motion to set aside the default judgment to be denied by operation of law. We remand the cause for the trial court to consider the parties’ arguments and to resolve Maiden’s motion in light of Kirtland v. Fort Morgan Authority Sewer Service, Inc., supra, and its progeny.
*868 REVERSED AND REMANDED WITH INSTRUCTIONS.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.

. Rule 59.1 provides that a postjudgment motion that is not ruled on by the court within 90 days is deemed denied at the expiration of the 90-day period. The 90th day. following Maiden’s filing of her postjudgment motion on March 22, 2010, was Sunday, June 20, 2010. Therefore, Maiden’s postjudgment motion was deemed denied on Monday, June 21, 2010. See First Alabama Bank v. McGowan, 758 So.2d 1116 (Ala.Civ.App.2000), and Richburg v. Cromwell, 428 So.2d 621 (Ala. 1983).

. She also asserts that FNMA did not present a prima facie case in support of its ejectment action because it did not present some proof with its complaint that it had demanded possession of the property. As previously noted, however, the supreme court has held that such a demand is not necessary to support an ejectment action. Steele, 69 So.3d at 92.

. To be sure, we will not reverse a trial court’s denial by operation of law of a motion to set aside a default judgment in all circumstances. For example, in Rudolph v. Philyaw, 909 So.2d 200 (Ala.Civ.App.2005), a case on which FNMA relies, this court affirmed the denial by operation of law of a motion to set aside a default judgment because the appellant had failed to allege and argue the existence of the Kirtland factors in its motion to set aside the default judgment. 909 So.2d at 203-04. Rudolph does not control the outcome in this case, however, because Maiden, in support of her motion to set aside the default judgment, provided some argument and evidence to the trial court relative to the three Kirtland factors, and the record is clear that the trial court was attempting to, but ultimately did not, resolve Maiden's motion in light of those factors.