THOMPSON, Presiding Judge.
Sandra Maiden appeals from a judgment of the Jefferson Circuit Court denying her motion to set aside a default judgment the court had entered in favor of the Federal National Mortgage Association (“FNMA”). For the reasons set forth herein, we reverse the trial court’s judgment.
This is the second time this case has been before this court. See Maiden v. Federal Nat’l Mortg. Ass’n, 69 So.3d 860 (Ala.Civ.App.2011). In the opinion issued in the first appeal, we set forth the following factual and procedural background:
“On December 16, 2009, FNMA filed an ejectment action against Jerry Hardy and Patricia Hardy. It alleged that Jerry Hardy had executed a mortgage, which, after being assigned to another mortgage company, had been foreclosed. FNMA stated that the real property securing the mortgage (‘the property’) had been conveyed to it by a special warranty deed. It asserted that it had served the Hardys with a written demand for possession of the property but that they had failed to vacate the property. FNMA sought an order ejecting the Hardys from the property. It attached to its complaint a foreclosure deed indicating that Everhome Mortgage Company (‘Everhome’) had been assigned the mortgage from the original mortgagee, that Everhome had foreclosed on the mortgage because of default in the payment of the debt the mortgage secured, and that Everhome had purchased the property at the foreclosure sale on November 19, 2009. FNMA also attached to its complaint a copy of a special warranty deed, executed on August 14, 2009, conveying the property from Everhome to FNMA. The Hardys and Sandra Maiden are listed on the deed as ‘mortgagors.’ Finally, FNMA attached to its complaint a copy of an unsigned letter, dated November 19, 2009, sent on behalf of Everhome and addressed to the estate of Jerry Hardy, who had died, Patricia Hardy, and Sandra Maiden. The letter, titled ‘Demand for Possession,’ informed the Hardys and Maiden that Everhome had purchased the property at a foreclosure sale, and it demanded that the Hardys and Maiden vacate the property.
“On December 29, 2009, FNMA filed an amended complaint adding Maiden as a defendant on the basis that she currently resided on the property. The record reflects that Maiden was served with process on January 6, 2010.
“Maiden did not file an answer to the amended complaint, and, on February 11, 2010, FNMA filed an application for the entry of a default judgment against her. FNMA also filed a motion to dismiss Jerry Hardy and Patricia Hardy on the ground that they no longer occupied the property. On February 23, 2010, the trial court entered the requested default judgment against Maiden, awarding possession of the property to FNMA, and it granted FNMA’s motion to dismiss Jerry Hardy and Patricia Hardy from the action.
“On March 22, 2010, Maiden filed a motion to set aside the default judgment. In her motion, she asserted that she had a meritorious defense to FNMA’s action in that ‘there was an improper foreclosure of the property,’ although she stated that, without discovery, she would ‘not be able to fully discern the exact extent to which the foreclosure was improper.’ She also stated that she had a defense on the basis of ‘estoppel due to misrepresentation.’ Maiden asserted that FNMA would not be prejudiced by the setting aside of the default judgment because the judgment had been entered less than 30 days be *371 fore Maiden filed her motion and, as a result, that the automatic stay of proceedings to enforce the judgment provided by Rule 62, Ala. R. Civ. P., was still in force. Thus, she argued, FNMA had ‘not wasted any time or resources initiating collections efforts.’ Finally, she asserted that the default judgment did not result from culpable conduct on her part. She stated that she had been ‘under the honest impression that she would be unable to be heard in court because she had been unable to receive or relay any information to the servicer of the mortgage account prior to the foreclosure date’ and that, once she realized the default judgment had been entered, she retained counsel. Maiden argued that, under Alabama law, cases should be decided on the merits whenever practicable and that, because of her financial situation, failure to set aside the default judgment would leave her ‘homeless and without any resources.’ Maiden supported her motion with an affidavit in which she stated, in pertinent part:
“ T have lived at [the property] since March 3, 2003. I was willed the property after my fiance’s death in October 2005. Since that date, I have maintained my monthly mortgage payment. I attempted to speak regularly with [Everhome], but was unable to do so because my name was not on the account. I attempted, numerous times, to send the documents necessary to add me to the account, but I could never get anyone at [Everhome] to verify receipt of documents or let me know what other documents needed to be sent.
“ T received notice of the pending lawsuit on January 6, 2010. I sincerely thought that because the mortgage company would not speak to me, neither would the court. I was without legal counsel at that time. After I was given authorization to receive information about the account at [Ever-home], I learned that there was a default judgment against me. I notified an attorney and retained counsel immediately.’
“The trial court set Maiden’s motion for a hearing.
“On April 5, 2010, after the hearing on Maiden’s motion, the trial court entered an order that provided:
“ ‘This matter comes before the court on Defendant Maiden’s motion to set aside entry of default judgment. The court, having considered [Maiden]’s motion under the criteria established by the [Supreme] Court in Kirtland v. Fort Morgan Authority Sewer Service, Inc., 524 So.2d 600 (Ala.1988), and being satisfied that due to [Maiden]’s not being privy to the real estate mortgage, the foreclosure of which precipitated [FNMAJ’s ejectment action, and therefore being satisfied of [Maiden]’s inability to secure evidence with regard to the existence, or not, of a default in the said mortgage prior to the time that [Maiden] came into possession of the said parcel of real property necessary to meet the meritorious defense prong of the Kirtland analysis, the following is hereby ordered:
“ ‘1. [Maiden]’s motion to set aside entry of default in this matter is hereby continued;
“ ‘2. [FNMA] shall produce for an in camera inspection the account history of the said real estate mortgage for the court’s determination of whether or not the said loan was in default prior to the time that [Maiden] allegedly commenced making monthly installment payments thereunder;
*372 “ ‘3. The said in camera inspection shall take place on a date within the next two weeks to be determined by the court and set by separate order to be issued by the court.
“ ‘4. Following an in camera inspection, the court shall then rule on [Maiden]’s motion to set aside entry of default.’
“Although the record is silent on the issue, the parties agree in their appellate briefs that FNMA did not produce the account history relative to the foreclosed mortgage for inspection by the trial court. The trial court took no further action on Maiden’s motion. Thus, Maiden’s motion was denied by operation of law on June 21, 2010. See Rule 59.1, Ala. R. Civ. P.”
Maiden, 69 So.3d at 861-63. Maiden filed an appeal that was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.
This court reversed the trial court’s denial by operation of law of Maiden’s motion to set aside the default judgment. We noted that the record did not reflect that, in allowing Maiden’s motion to be denied by operation of law, the trial court had considered the factors relevant to a determination of whether to set aside a default judgment as set forth in Kirtland v. Fort Morgan Authority Sewer Service, Inc., 524 So.2d 600, 605 (Ala.1988), i.e., whether Maiden had a meritorious defense to the action; whether FNMA would be unfairly prejudiced if the default judgment was set aside; and whether the default judgment was a result of Maiden’s culpable conduct. See Maiden, 69 So.3d at 866-67. Relying on Richardson v. Integrity Bible Church, Inc., 897 So.2d 345 (Ala.Civ.App.2004), we held that the trial court’s failure to consider those factors in allowing the motion to be disposed of by operation of law warranted reversal of the judgment, and we remanded the cause to the trial court to consider the Kirtland factors in resolving Maiden’s motion to set aside the default judgment.
After remand, FNMA offered several documents as evidence, including the mortgage and note Jerry B. Hardy had executed and a “customer account activity statement” that, according to the trial court, showed the history of the loan at issue from 2007 to 2009. On April 29, 2011, the trial court entered a judgment denying Maiden’s motion to set aside the default judgment. In pertinent part, the trial court wrote:
“At the oral argument of the motion, the parties argued to the Court that the original mortgagor, Jerry B. Hardy, had died during the term of the said mortgage and that ... Maiden was named as the specific devisee in the probate estate, designated to receive title to the said residential real property from the estate. It was further represented to the Court that after years of the pen-dency of the said estate in the Jefferson County Probate Court, the Estate of Jerry B. Hardy had never been finalized and settled so that ... Maiden has not, as of the date of the hearing on this matter, become the fee simple owner of the said residential real property. Counsel for [FNMA] represented to the Court that [FNMA] required ... Maiden to offer proof of ownership before [FNMA] would continue to forebear to accelerate the said loan and execute power of sale.... Maiden having failed to so secure title, [FNMA] proceeded with exercise of its power of sale. Section 13 of the said mortgage provides that ... Maiden[ ] occupies the status of a successor in interest to the Borrower, Jerry B. Hardy. As such, a writing is necessary, under the said provision, whereby ... Maiden undertakes the ob *373 ligations and duties of the said mortgage and acquires the rights of the Borrower thereunder. There is also a requirement for the Lender to approve Borrower’s successor in interest. Any default in the contractual obligations with regard to the successor in interest to the Borrower providing written notice to the Lender or in the Lender’s not approving the said successor can trigger an acceleration of the debt, the nonpayment of which can trigger other remedies such as the power of sale.
“The Court, however, has no eviden-tiary material before it evidencing ... Maiden’s written request to be added to the said note and mortgage; any document evidencing the said forbearance agreement pending resolution of the Estate of Jerry B. Hardy; or any evidence on the progress of the Estate of Jerry B. Hardy in the probate court.
[[Image here]]
“Applying the Kirtland factors to the case before the Court and under the matters which have been submitted to the Court, the Court finds that no prejudice is worked against [FNMA] by setting aside the default judgment as [Maiden] filed her motion within the thirty (30) day period during which the Court is generally without power to enforce its order. See Rule 62(a), Ala. R. Civ. P.
“Likewise, with regard to the fault of [Maiden] in allowing judgment to be entered by default, the Court finds that the averments of [Maiden] in her affidavit filed in support of her motion do not indicate willful conduct or conduct committed in bad faith nor conduct which could be characterized as being in flagrant disrespect for the Court and its rules.
“However, with regard to the requirement of presenting a meritorious defense, [Maiden] has only submitted her affidavit stating that at the time of the exercise of the power of sale by [FNMA], ... [Maiden] was current with payments under the said note and mortgage and was otherwise not in default of the terms of the said note and mortgage such as to trigger the remedy of [FNMA]’s exercise of its power of sale.”
The trial court then set forth its findings with regard to its review of the account history FNMA had provided to it and concluded that, “at the time of the exercise of the power of sale, the said loan was in arrears by the amount of $242.93, not including late charges.” The trial court continued:
“Regarding the issue of ... Maiden’s status as a mortgagee [sic] under the loan and mortgage the evidence before the Court is that ... Maiden has neither applied in written form to be assigned the rights and duties of the Borrower under the said mortgage, nor has [FNMA], as Lender’s successor, approved the addition of ... Maiden as a successor in interest to the named Borrower under the said note and mortgage. The burden of coming forward [with] evidence on the motion is with the movant. The Court does not find that a meritorious defense is presented with regard to the issue of the said note and mortgage being in default at the time of the exercise of the power of sale, or with regard to the issue of [Maiden]’s status as successor to Borrower under the terms and conditions of the said mortgage.
“Considering the evidence before the Court, the Court does not find a meritorious defense available to [Maiden] under her averment that she was current with the installments due on the said note and mortgage and that the said *374 note and mortgage was not otherwise in default and subject to foreclosure.”
Maiden filed a timely appeal to this court, which transferred the appeal to the supreme court for lack of appellate jurisdiction. The supreme court subsequently transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
Whether to grant or deny a motion to set aside a default judgment under Rule 55(c), Ala. R. Civ. P., is a matter committed to the discretion of the trial court. Thus, in reviewing a trial court’s denial of a motion to set aside a default judgment, we consider whether the trial court exceeded its discretion. We note that, “[a]l-though Rule 55(c) confers broad discretion upon a trial court, this discretion is not boundless.” Royal Ins. Co. of America v. Crowne Invs., Inc., 903 So.2d 802, 807 (Ala.2004).
In Sampson v. Cansler, 726 So.2d 632 (Ala.1998), our supreme court discussed the factors set forth in Kirtland, supra, that a trial court must consider in disposing of a motion to set aside a default judgment:
“In Kirtland ..., this Court held that the trial court has broad discretion in determining whether to grant or to deny a defendant’s motion to set aside a default judgment, but that that discretion is not boundless. The trial court must balance two competing policy interests associated with default judgments — judicial economy and the defendant’s right to defend on the merits. Kirtland, 524 So.2d at 604. These interests must be balanced under the two-step process set out in Kirtland.
“Under Kirtland, the trial court must first presume that cases should be decided on the merits whenever it is practicable to do so. This presumption exists because the right to have a trial on the merits ordinarily outweighs the need for judicial economy. Second, the trial court must apply a three-factor analysis in determining whether to set aside a default judgment: it must consider 1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant’s own culpable conduct.’ Kirtland, 524 So.2d at 605.”
726 So.2d at 633. As previously noted, the trial court determined that Maiden satisfied the second and third of the Kirtland factors; on appeal, neither party challenges that conclusion. Thus, the issue on appeal, according to both parties, is whether Maiden met the first of the Kirtland factors, i.e., whether she demonstrated that she has a meritorious defense to FNMA’s ejectment action.
In Royal Ins. Co. of America, supra, our supreme court explained the meritorious-defense factor in the following manner:
“In Kirtland, we noted that a trial court should begin its analysis of whether it should exercise discretionary authority under Rule 55(c) with the presumption that a case ‘should be decided on the merits whenever practicable.’ 524 So.2d at 604. The presumption is undercut, however, if the answer to the first of three inquiries a court must make — whether the defendant has a meritorious defense — is negative. The existence of a meritorious defense is a ‘threshold prerequisite,’ Kirtland, 524 So.2d at 605, because without a meritorious defense, a finding that the plaintiff would not be prejudiced and a finding that the defendant was not culpable would matter little. A meritorious defense need not be a perfect defense, nor one that would necessarily prevail at trial. Rather, a meritorious defense is *375 merely a ‘plausible’ defense. Kirtland, 524 So.2d at 605. That is, a meritorious defense must simply ‘induce the trial court reasonably to infer that allowing the defense to be litigated could foreseeable] alter the outcome of the case.’ 524 So.2d at 606 (emphasis added).
“We have specifically stated that a defendant can successfully present a meritorious defense either by setting forth allegations that, if proven at trial, would constitute a complete defense or by submitting evidence that would at least create a jury question. Kirtland, 524 So.2d at 606. The defendant’s allegations ‘must be more than mere bare legal conclusions without factual support’; they must set forth ‘relevant legal grounds substantiated by a credible factual basis.’ 524 So.2d at 606.”
903 So.2d at 808.
Maiden contends that she presented a meritorious defense to FNMA’s action. With regard to the first basis on which the trial court found that she had not presented a meritorious defense — that Maiden had not shown that she was current on the payments under the mortgage and note — Maiden argues that, in her affidavit submitted in support of her motion to set aside the default judgment, she stated that she had maintained current payments on the loan at issue. She argues that proof of this statement at trial would constitute a complete defense to FNMA’s action because it would render the foreclosure sale void under the terms of the note and mortgage. FNMA responds that Maiden failed to support her contention that she had made all the payments due under the mortgage and that the evidence before the trial court of Maiden’s payment history indicated that the mortgage was, in fact, in default.
We conclude that the trial court erred in holding that Maiden did not present a meritorious defense to FNMA’s action based on the payment records submitted by FNMA. The trial court found a conflict in the evidence, which consisted of Maiden’s affidavit statement that she was current on the mortgage payments and FNMA’s records indicating that she was not. The trial court weighed that evidence and determined which was accurate. In so doing, the trial court purported to resolve an issue of material fact, i.e., whether Maiden’s mortgage payments were current, rather than simply to determine whether Maiden had set forth a meritorious defense. Such action by the trial court was improper and went beyond the proper scope of inquiry in deciding Maiden’s motion. See Jones v. Hydro-Wave of Alabama, Inc., 524 So.2d 610, 614 (Ala.1988) (“Jones’s affidavit provided the trial court with a sufficient factual basis on which to conclude that Jones presented a genuine issue of material fact, and for this reason, Jones satisfied the requirement of showing the existence of a meritorious defense.”). In this respect, we agree with the Supreme Court of Montana, which stated: “When inquiring into whether a party has offered a meritorious defense, it is not the Court’s function to determine factual issues or resolve the merits of the dispute, but instead is to simply determine whether the defendant has presented a prima facie defense.” State ex rel. Dep't of Envtl. Quality v. Robinson, 290 Mont. 137, 144, 962 P.2d 1212, 1216 (1998), overruled on other grounds, Essex Ins. Co. v. Jaycie, Inc., 323 Mont. 231, 236, 99 P.3d 651, 654 (2004). See also United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1094 (9th Cir.2010) (“All that is necessary to satisfy the ‘meritorious defense’ requirement is to allege sufficient facts that, if true, would constitute a defense: ‘the question whether the factual allegation [i]s true’ is not to be determined *376 by the court when it decides the motion to set aside the default.... Rather, that question ‘would be the subject of the later litigation.’ ” (quoting TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 700 (9th Cir.2001))). We conclude, based on the materials submitted to the trial court, that Maiden has set forth a meritorious defense that, if proven, would demonstrate that the foreclosure of the mortgage based on an alleged failure to make the payments required by the note and mortgage was wrongful and, as a result, that she was not subject to ejectment from the property.
The trial court also found that Maiden had failed to present a meritorious defense because she had not produced evidence of a writing, as required by the mortgage, whereby she undertook the obligations and duties of the mortgage and acquired the rights of Jerry Hardy, the mortgagor, and because she had not produced any evidence indicating that FNMA had approved her as a mortgagor on the mortgage. The trial court indicated that the failure of Maiden to adduce proof demonstrating that she had been added to the mortgage as a mortgagor meant that she had failed to demonstrate that the mortgage was not in default.
Relying on the statute of frauds, § 8—9—2(5), Ala.Code 1975, FNMA contends, additionally, that any transfer of an interest in the property to Maiden was required to have been in writing, and, because Maiden did not produce such a writing in support of her motion to set aside the default judgment, FNMA asserts, she could not prove that an interest in the property had been conveyed to her. Thus, FNMA contends, Maiden does not have “standing” to challenge Everhome’s foreclosure of the mortgage and FNMA’s subsequent ejectment action.[1]
Our review of the record discloses some evidence indicating that Maiden had, in fact, been joined as a mortgagor under the mortgage and that she had been conveyed an interest in the property at issue. FNMA, in pursuit of its ejectment action, attached to its complaint a special warranty deed transferring title to the property in question from Everhome Mortgage Company, the purchaser of the property at the foreclosure sale, to FNMA. Distinctly listed on the face of that deed as mortgagors of the property were the Estate of Jerry B. Hardy, Patricia Hardy, and Maiden. Thus, it appears that Everhome, a prior mortgagee of the property under the mortgage and FNMA’s predecessor in interest to the property, recognized Maiden as one of the mortgagors under the mortgage. This is some evidence indicating that Maiden was, in fact, a mortgagor under the mortgage. In addition, Maiden stated in her affidavit that she had obtained the property by will in 2005, after the death of her fiancé.
The fact that Maiden has not, at this point, provided a writing indicating that she sought to be added as a mortga *377 gor to the mortgage or that she obtained the property by will does not mean that she has not presented a meritorious defense to FNMA’s action. A meritorious defense need not be established by the production of all the evidence necessary to succeed at the trial of an action; instead, a meritorious defense can be established merely by the setting forth of allegations that would constitute a defense if proven at trial or by the submission of evidence that would at least create a jury question. Royal Ins. Co. of America, 903 So.2d at 808. Here, we conclude that Maiden has met this burden through the combination of her affidavit testimony and the submission by FNMA to the trial court of its deed from Everhome listing Maiden as a mortgagor on the property at issue.
This case is in its infancy; indeed, the parties have yet to engage in the discovery process. It may very well be that, once the litigation process is fully undertaken, evidence will be produced demonstrating that Maiden was never properly added as a mortgagor to the mortgage and that she otherwise has no rights in the property. However, in light of the fact that there is some evidence indicating that Maiden was a mortgagor of the property and that she had obtained an interest in the property by will, any such determination at present is premature. Similarly, it may well be that Maiden has not made all the payments due under the note and mortgage; however, she has stated under oath that she made all such payments, and we cannot say that such a statement is not sufficient at this stage of the litigation to allow the default judgment to be set aside so that the litigation can proceed.
Bearing in mind the court’s predisposition to resolving cases on the merits, and recognizing that the analysis of the meritorious-defense factor set out in Kirtland does not include the resolution of eviden-tiary disputes, we conclude that the trial court erred to reversal when it denied Maiden’s motion to set aside the default judgment in favor of FNMA. For that reason, we reverse the judgment denying Maiden’s motion to set aside the default judgment, and we remand the cause to the trial court to set aside the default judgment and to conduct further proceedings.
REVERSED AND REMANDED.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.

. FNMA also states in its brief that Maiden must show that her title to the property is superior to that of FNMA in order to defeat its ejectment action. This is a misstatement of the law. In an ejectment action, the burden is on the plaintiff, not the defendant, to prove superior title to the property in question. See MacMillan Bloedell, Inc. v. Ezell, 475 So.2d 493, 496-97 (Ala.1985). If the plaintiff fails to do so, the defendant will prevail in the action without the necessity of proving its title in the property. See id. at 497 ("As at common law, the plaintiff must prevail on the strength of his own legal title or claim to possession and not on the weakness of the defendant’s.... Although he may, the defendant is not required to show legal title or a right to possession in himself. Therefore, even against one with no title or right to possession, the plaintiff cannot prevail unless he meets his burden of proof.”).