PITTMAN, Judge,
concurring in the rationale in part and concurring in the result.
I agree that the summary judgment in favor of MorEquity, Inc., is due to be reversed and the cause remanded because MorEquity failed to establish that there was no factual dispute as to whether it was the assignee of the mortgage before it initiated the foreclosure proceedings against the Byrds. In my judgment, that failure simply means that MorEquity did not make a prima facie showing that it could satisfy one of the elements of its ejectment claim, not that MorEquity failed to demonstrate that it had standing to sue.
I believe that this case and others like it, see, e.g., Ex parte McKinney, 87 So.3d 502 (Ala.2011); Cadle Co. v. Shabani, 950 So.2d 277 (Ala.2006); and Sturdivant v. BAC Home Loans Servicing, LP, [Ms. 2100245, Dec. 16, 2011] — So.3d — (Ala.Civ.App.2011), present questions of an ejectment plaintiffs inability to prove the allegations of its complaint rather than questions of standing. See Ex parte McKinney, 87 So.3d at 512 (Murdock, J., dissenting); and Sturdivant, — So.3d at — (Pittman, J., dissenting).
“As [our supreme court] recently observed: ‘[0]ur courts too often have fallen into the trap of treating as an issue of “standing” that which is merely a failure to state a cognizable cause of action or legal theory, or a failure to satisfy [an] element of a cause of action.’ Wyeth, Inc. v. Blue Cross & Blue Shield of Alabama, 42 So.3d 1216, 1219 (Ala.2010). Compare Steele v. Federal Nat’l Mortg. Ass’n, 69 So.3d 89, 91 n. 2 (Ala.2010) (citing Wyeth as authority for rejecting the appellant’s suggestion that a plaintiffs failure to have made a demand for possession before bringing an ejectment action presented an issue of standing).”
Ex parte McKinney, 87 So.3d at 514 (Murdock, J., dissenting).
Our supreme court has determined that standing “implicates [a trial court’s] subject-matter jurisdiction.” Ex parte Howell Eng’g & Surveying, Inc., 981 So.2d 413, 418 (Ala.2006); see also Hamm v. Norfolk Southern Ry. Co., 52 So.3d 484, 499 (Ala.2010) (Lyons, J., concurring specially) (citing Riley v. Pate, 3 So.3d 835, 838 (Ala.2008), and State v. Property at 2018 Rainbow Drive, 740 So.2d 1025, 1028 (Ala.1999)). That court has also explained that subject-matter jurisdiction “concerns a court’s power to decide certain types of cases,” Ex parte Seymour, 946 So.2d 536, 538 (Ala.2006), which power is derived from the constitution and statutes of Alabama. Id. Can it seriously be doubted *384 that a circuit court derives its power to decide an ejectment case from § 6-6-280, Ala.Code 1975, rather than from the allegations of the plaintiff who seeks relief pursuant to that statute?